## Amaranti Musquez v. The State.

1. INDICTMENT FOR THEFT.—An indictment for theft, charging that the defendant "did feloniously steal," sufficiently alleges that the taking was "fraudulent" to support a conviction.
2. MISNOMER.—A mistake in the christian name of defendant, where the name is correctly given at first, does not vitiate an indictment.
.3. EVIDENCE OF TAKING IN THEFT.—An indictment for theft of oxen is sustained by proof of the fraudulent killing of the oxen and selling their hides.
4. ASPORTATION.—The statutory definition of theft omits the words "carried away," and in doing so dispenses with the necessity of proof of asportation, as was required at common law.

APPEAL from Bexar. Tried below before the Hon. George H. Noonan.

*J. T. Teel*, for appellant.

*George Clark, Attorney General*, for the State.

GOULD, ASSOCIATE JUSTICE.—The indictment in this case alleges that "Amaranti Musquez, Marcial Tigirina, and Ignacio Waldonado did feloniously and unlawfully steal, take, and carry away from the possession of Manual Barragon six head of work oxen, of the value of one hundred and fifty dollars, the property of said Manual Barragon, without the consent of said Manual Barragon, and with the fraudulent and felonious intent to deprive the said Manual Barragon of the value of said six head of work oxen, and to appropriate the same to the use and benefit of them, the said Aramanti Musquez, Marcial Tigirina, and Ignacio Waldonado."

Several objections to this indictment were taken below, and are urged in this court:

First. It is said the indictment does not follow the language of the statute defining theft, as the "fraudulent taking," &c. In lieu of this the indictment charges that he "did feloniously steal, take, and carry away," following the form of a common-law indictment for larceny. Larceny at common law is defined as the wrongful or fraudulent taking and carrying away by any person of the mere personal goods of another, from any place, with a felonious intent to convert them to his, the taker's, own use, and make them his own property, without the consent of the owner." (Regina v. Holloway, 2 Carr. & Kir., 945.)

It is not perceived that our statute, in using the word fraudulent, introduces any new element into the common-law crime of larceny; and it is believed that the form of indictment used at common law sufficiently charges that the taking was fraudulent. The averment is, " did feloniously steal;" and the word steal alone has been held to mean, both in common and legal parlance, a felonious taking. (State v. Chambers, 2 Green's Iowa, 310.)

The second objection to the indictment is, that it does not aver that the oxen were "cattle," so as to bring the offense within the statute as to theft of cattle. It is alleged

and proved, however, that the oxen were of the value of one hundred and fifty dollars. The offense is, therefore, punishable by imprisonment in the penitentiary, and the omission becomes immaterial.

It is further objected that the taking is charged to be by Amaranti Musquez, whilst, in alleging the intent to appropriate, the indictment describes him as the "said Aramanti Musquez." The defendant having been before correctly described, the word "Aramanti" may be rejected without affecting the indictment. (See Cotton v. The State, 4 Tex., 265.)

The evidence discloses that Manual Barragon, on the 21st January, 1874, "left his home in San Antonio with his wagon and ox team, and camped that night on the Leon creek, turning his oxen loose to graze. On hunting his oxen the next morning, he found their carcasses on the banks of the stream, some half a mile from his camp, their throats cut and their hides taken off. Returning to the city, he found that the defendant, with two others, had, early on the morning that his oxen were missing, sold the six hides, still fresh and bloody, to a merchant in San Antonio.

The charge of the court was to the effect that the driving of the oxen to a convenient place for that purpose, and then killing and skinning them, with the fraudulent intent to sell the hides, would constitute theft of the oxen. This charge embodies nothing more than the common law. It has been held that a charge of stealing lambs is supported by finding the carcasses, and only the skins carried away (Rex v. Rollins, 2 East. P. C., 617, as quoted in 1 Wharton's Prac., 415, note a.) It is to be observed that our statute omits the words "carried away" in defining theft and in doing so dispenses with proof of such asporttion, as might otherwise have been material.

The court further instructed the jury that "possession of property very recently stolen raises a presumption of

guilt against the party having such stolen property in his possession; and if he would rebut the presumption of guilt thus raised, he must do so by proof adduced on his part." This charge was not excepted to at the time of the trial, as required by the statute, where the charge is on the weight of the evidence. (Pas. Dig., art. 3067.)

The defendant, so far as the evidence discloses, made no effort to account for his possession of the hides. It does not appear that he made any explanation which was by this charge excluded from the consideration of the jury. The defense consisted in an effort to show by the evidence of the wife and mother-in-law of defendant that he had not had time to have done the killing and skinning himself, as he lived on the Medina, some fifteen or sixteen miles from San Antonio, and left his home (where he had been during the entire preceding part of the night) to go to San Antonio, about three o'clock on the morning that the oxen were killed, his object being to get medicine for a sick child. The merchant who bought the hides testified he bought them early in the morning of that day, about half past six o'clock. He also testified that he knew Musquez, who was a customer of his, and that he had always found him a good man. This was the entire evidence.

We see no such error in the charge, in view of the facts of the case, or in the finding of the jury, as will justify us in reversing the case.

The judgment is affirmed.

AFFIRMED.