## JACK WALKER v. THE STATE.

1. THEFT. — On a trial for theft of a hog it was proved that defendant was found skinning a hog freshly killed, and that, on discovering that he was seen, he ran away, leaving the carcass on the ground. His counsel asked the court to instruct the jury not to convict unless the proof showed that the defendant's connection with the animal commenced before it was killed. *Held*, that the request was properly refused.

2. SAME. — The Penal Code, in defining theft, omits the words "carried away," and thereby dispenses with such proof of asportation as is required at common law.

3. NEWLY-DISCOVERED EVIDENCE. — Accused asked a new trial to obtain the testimony of his wife, by whom, as he had discovered since the trial, he could prove that he was at home with her during the entire day on which the animal was stolen. *Held*, that such proof, if true, must of necessity have been known to the accused before the trial, and, hence, his motion was correctly overruled.

APPEAL from the District Court of Marion. Tried below before the Hon. B. T. ESTES.

The case is stated in the opinion.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. Appellant was indicted, tried, and convicted of theft of a hog, and his punishment assessed at two years' confinement in the penitentiary.

The salient points in the case are, first, the refusal of the court to give a special charge asked by defendant; and, second, the overruling of the motion for a new trial, predicated upon newly-discovered testimony.

1. The special charge which was refused is as follows: "Unless the proof shows defendant's connection with the hog to have commenced prior to the killing of the hog, then he is not guilty of theft of a hog as charged in the indictment, but of different character of property, and cannot be convicted of the charge of theft of a hog."

The court did not err. "It has been held that a charge of stealing lambs is supported by finding the carcasses, and only the skins carried away. *Rex* v. *Rollins*, 2 East P. C. 617, as quoted in 1 Whart. Prac. 415, note *a*. It is to be observed that our statute omits the words 'carried away' in defining theft, and in doing so dispenses with proof of such asportation as might otherwise have been material." *Musquez* v. *The State*, 41 Texas, 226. In this latter case it was also held that an indictment for theft of oxen was sustained by proof of the fraudulent killing of the oxen and selling their hides.

2. The court did not err in overruling the motion for a new trial. The supposed newly-discovered evidence was the testimony of the wife of defendant, who, it was said, would swear that her husband was at home the entire day when the hog was said to have been stolen. If this was a fact, it must of necessity have been known to defendant; and, if known to defendant, he must have known, and could have known, that his wife could prove it. If he did or could have known it, he has failed to exercise the diligence the law requires should be shown upon such a motion for a new trial. *Watts* v. *Johnson*, 4 Texas, 319.

The judgment below is affirmed.

*Affirmed.*