· GEORGE McPHAIL *v.* THE STATE.

1. CATTLE-THEFT. — The killing and skinning of another's cattle, with the fraudulent intent to sell and appropriate their hides, constitutes theft of the animals.   Whether such was the intent is an issue proper to be submitted to the jury in the charge of the court.

2. PRESUMPTION OF INNOCENCE — CHARGE OF THE COURT. — The rulings in *Fury* v. *The State,* 8 Texas Ct. App. 471, cited with approval upon the inexpediency of attempts to paraphrase the provision of the Code of Procedure respecting the presumption of innocence.

3. EVIDENCE OF INTENT. — In a trial for theft of cattle, the State proved that the defendant shot the animals in his corn-field, and that their hides were found in his smoke-house.   The defence proposed, but were not allowed, to prove that the defendant, at the time he shot the cattle, exclaimed that he had driven them off as often as he intended, and that he was not raising a crop for other people's cattle to destroy.   *Held,* that the proof should have been admitted as tending to indicate the defendant's intent.

APPEAL from the District Court of Gonzales.   Tried below before the Hon. E. LEWIS.

The indictment charged the theft of two oxen, the property of Harry Willis.   Finding the appellant guilty, the jury assessed his punishment at two years in the penitentiary.   The material facts are indicated in the opinion and the last head-note.

No brief for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

WHITE, P. J.   It has been settled in this State that the killing and skinning of cattle with the fraudulent intent to

sell the hides would constitute theft of the animals. *Musquez* v. *The State*, 41 Texas, 226. The court committed no error in submitting, in the fourth subdivision of the charge, which is objected to, the question whether the oxen were killed under circumstances not constituting theft. This was a part of the law applicable to one phase which might be taken of the facts in the case, and it was proper, therefore, to instruct the jury with regard to it, in the event they should take that view of the evidence. Penal Code, art. 767.

But there are two errors in the record which require that the case should be reversed. The first is to be found in the fifth subdivision of the charge to the jury, as follows: " The defendant is presumed to be innocent till his guilt is established by legal evidence, and all evidence admitted by the court is legal evidence." The vice of this instruction has been so fully illustrated in the case of *Mark Fury* v. *The State*, decided at the present term ( 8 Texas Ct. App. 471), that it is only necessary to refer to that opinion without further comment.

The second error was in excluding the remark made by defendant at the time of the shooting of the oxen. The bill of exceptions stated that "defendant offered to prove by witness Morris May that the defendant, at the time of the shooting of said oxen, remarked, in the hearing of said witness, that he be damned if he was going to raise a crop for other people's cattle to destroy, and that he had driven said oxen out of his place as often as he was going to do." If this remark was made " at the time of the shooting," then it was *res gestœ*, and should have gone to the jury, to be weighed by them in determining the intent of defendant — *i.e.*, whether to steal the animals or their hides, or whether his intention was simply to kill them on account of trespass upon his crop.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*