[No. 3256.]

GEORGE SLOAN *v.* THE STATE.

1. THEFT — INDICTMENT.— An indictment in this State for theft must allege that the taking was "fraudulent." Allegation that the taking was "u nlawful and felonious" sufficed at common law, but, under the Code of this State, those words signify nothing in an indictment for theft, and are not equivalent to the word *fraudulent*, which is employed in the Code to characterize the very gist of the offense.
2. CASE OVERRULED.— *Musquez* v. *The State*, 41 Texas, 226, in so far as it holds the word "feloniously" equivalent to "fraudulently" in an indictment for theft, is hereby overruled.

APPEAL from the District Court of Jones.   Tried below before the Hon. T. B. Wheeler.

The indictment charged that the appellant did "unlawfully and feloniously take, steal and carry away a certain horse not his own property, but then and there the property of J. M. Hanna," etc. A term of five years in the penitentiary was the penalty allotted by the jury.

No brief for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

WILLSON, JUDGE.   It is alleged in the indictment that the defendant " did unlawfully and feloniously take," etc., the horse.   It is not alleged that the taking is *fraudulent*.   This indictment would be sufficient under the decision in *Musquez* v. *The State*, 41 Texas, 226, but that decision was discussed and its correctness questioned by this court in *Muldrew* v. *The State*, 12 Texas Ct. App., 617.

We are of the opinion that the reasoning in the Muldrew case, and the authorities cited in support of the opinion in that case, clearly show that in an indictment for theft the *taking* must be alleged to have been *fraudulent*.   This word "fraudulent" is used in the statute in defining theft, and under that statute there can be no theft unless there be a *fraudulent taking*.   That is the very gist of the offense.   The words " unlawfully and feloniously " cannot supply its place in the indictment.

At common law these words would have sufficed, but they are not used in our Code definition of theft, and when used in an indictment for theft signify nothing.   We overrule the decision in *Musquez* v. *The State*, *supra*, upon this point, and hold that the indictment in this case is fatally defective because it does not allege that the taking of the horse was fraudulent; and because of this defect the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

[Opinion delivered May 16, 1885.]