## CHARLEY DUNN v. THE STATE.

*No. 615.   Decided March 20.*

1. **Corpus Delicti—Proof of—Confessions—Flight.**—The corpus delicti of crime can not be established alone by the confessions of the accused, but when in addition to his confessions, his flight and other circumstances connecting him with the crime be proved, this is sufficient.

2. **Theft—Fraudulent Intent—Permanent Appropriation—Charge.**—On a trial for horse-theft, where the contention was, that the horse, having been taken for the purpose of enabling accused to procure a reward from the owner for its recovery, there was no fraudulent intent to permanently appropriate the horse, and consequently

no theft, *Held*, that the purpose of the taking was not for a temporary use, but to hold the property until he should be paid for its restoration; and to that extent defendant must be held to have intended to deprive the owner of the value and appropriate it pro tanto to his own use and benefit, and that a charge of the court, which in effect so instructed the jury, was correct.

APPEAL from the District Court of Tarrant. Tried below before Hon. W. D. HARRIS.

This appeal is from a conviction for horse-theft, the punishment being assessed at five years' imprisonment in the penitentiary.

The case is sufficiently stated in the opinion.

*W. R. Parker*, for appellant.—1. The corpus delicti in cases of theft is the taking of the property, and must be proven independent of any confession of defendant. Hill v. The State, 11 Texas Crim. App., 136; Whart. Crim. Ev., 632; 4 Am. and Eng. Encyc. of Law, 309; 1 Greenl. on Ev., 217; Kennon v. The State, 11 Texas Crim. App., 361; 32 Texas Crim. Rep., 265; Taylor v. The State, 27 Texas Crim. App., 465.

2. Where the corpus delicti is proven wholly by circumstantial evidence, it is incumbent on the court to instruct the jury on circumstantial evidence, and failure to do so is fundamental error. Taylor v. The State, 27 Texas Crim. App., 465; Lee v. The State, 27 Texas Crim. App., 475; Williamson v. The State, 30 Texas Crim. App., 331; Crowell v. The State, 24 Texas Crim. App., 409; Eckert v. The State, 9 Texas Crim. App., 105.

3. The intent to permanently appropriate the property must exist at the very time of the taking. Any intent other than that is insufficient to make theft. Warren v. The State, 17 Texas Crim. App., 209; Robinson v. The State, 11 Texas Crim. App., 408; Stepp v. The State, 31 Texas Crim. Rep., 351; McPhail v. The State, 10 Texas Crim. App., 129.

4. If defendant took the horse in question for the purpose of holding him for a reward, and to return him and get the reward, he is guilty of trespass, but not theft. Stepp v. The State, 31 Texas Crim. Rep., 351.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant in this case was tried in the District Court of Tarrant County on an indictment charging him with theft of a horse, and was convicted, and his punishment assessed at confinement in the penitentiary for a term of five years.

The appellant contends in this case that the "corpus delicti" is dependent alone on the confessions of defendant, and that the conviction can not be sustained in such case without other proof. From an inspection of the record, we find from the testimony of the owner that this horse in question was kept in an inclosure with another horse, his mate, and to which he was very much attached, and they were never known to separate from each other of their own accord; that the two

horses were placed by the owner in the inclosure on the night in question; that the next morning the gate of the inclosure was found open, and the horse charged to have been stolen was missing, and has never been seen by the owner since. On the same night, about 1 o'clock, two witnesses testify to seeing the defendant riding along the railroad track near them, and leading a bay or brown horse, which answered to the description of the horse of the prosecutor. The defendant is shown by other testimony, before the alleged theft, to have suggested to one or two parties that they take horses and hide them out, and hold them for any reward that might be offered by the owners. After the horse in question was missed, the defendant is also shown to have suggested to the prosecutor that he should offer a reward for his missing horse. While it is true that the corpus delicti can not be proven by the confessions of a defendant, yet, to our minds, the testimony, outside of the defendant's confessions in this case, is amply sufficient to establish the fact that the prosecutor's horse was taken by some one on the night in question. And the confessions of the defendant to the taking and his flight, together with the other circumstances proven, not only connected defendant with the taking, but relieved the court from the necessity of giving to the jury a charge on circumstantial evidence. Wampler v. The State, 28 Texas Crim. App., 352.

It is also insisted by the appellant, that there was no fraudulent intent in this case to permanently appropriate the horse to the use or benefit of the appellant; that the taking of the horse with the intent to procure a reward for the return of same is not the intent to permanently appropriate the property, necessary to constitute theft. Under our statutes, the taking must be with the intent to deprive the owner of the value of the property, and to appropriate the same to the use or benefit of the person taking, and it has been held that the taking for a mere temporary use—as where a party takes a horse for the purpose of taking a ride, and turning the horse loose or restoring him to his owner—is not theft. But it appears that the purpose here was not for a temporary use, but to hold the property itself until he should be paid for its restoration to the owner, and to that extent he must have intended to have deprived the owner of its value, and to appropriate it, pro tanto, to his own use and benefit; that is, he proposed to appropriate to his own use some interest or value in the horse itself. Musquez v. The State, 41 Texas, 226; McPhail v. The State, 9 Texas Crim. App., 165. On this phase of the case the court charged the jury, if they believed the defendant took the horse with the intent to deprive the owner of the value of the same until such time as the owner might offer a reward for the return of the horse, and then to return same and get the reward, and that it was his intent not to return same, but to appropriate it to his own use, except in case a reward should be offered, that in such case defendant would be guilty, the same as if he had taken the horse without any intention to return it in any event, or in any contingency. On the other hand, they were

instructed, if they believed defendant took the horse, but that he did so for the purpose of holding the horse and getting the reward, should one be offered, and without any intention of depriving the owner permanently of the value of same, but with the intention of returning same and getting a reward, or of returning him without a reward, should none be offered, then to find defendant not guilty. These charges presented the issue on this branch of the case certainly as favorably to appellant as he could claim, and left the question of his intent at the time of the taking to be determined by the jury, and we think the evidence is amply sufficient to sustain their finding as to such intent.

The appellant raised the question as to the sufficiency of the indictment, and claims that the word "at" is used, instead of the word "of," in the allegation of possession and in the allegation of value, and he has brought the original indictment before us for our inspection. On a careful reading of the same, we are of the opinion that the word "of" was the word written by the pleader, and not "at," as claimed.

There being no error in the record, the judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.