## Brooks Martin v. The State.

### No. 2693.  Decided February 25, 1903.

**1.—Race Discrimination in Formation of Grand and Petit Juries—Burden of Proof.**

On a trial of a negro for theft of money, where he moved to quash the indictment on account of discrimination against his race in the formation of the grand and petit juries, held, the burden of proof was upon defendant to show such discrimination; and failing to do so, the motion to quash was properly overruled.

**2.—Theft of Lost Money—Indictment—Ownership.**

On a trial for theft of lost money, it was proper to allege ownership in the real owner, as the constructive possession thereof is in the real owner and he is entitled to its management and control.

**3.—Continuance—Diligence.**

On an application for continuance proper diligence is shown where the absent witness was served with process on the day of or the day before trial, but was too ill to attend court.

**4.—Same.**

On a trial for theft of lost money, defendant was entitled to a continuance for the testimony of his wife who had been served with process, but was too ill to attend, and by whom he expected to prove that, upon his finding the money, he immediately carried it home and left it with her to be kept by her until he could secure the aid of officers in finding the owner and securing any reward that might be offered for finding it.

**5.—Theft of Money—Keeping to Obtain Reward.**

Where property is originally taken for the purpose of securing a reward for its restoration, this is theft. But in the case of lost property the finder is not guilty of theft, though he may expect a reward, when he does not withhold and conceal it until he gets a reward.

Appeal from the District Court of Delta.  Tried below before Hon. H. C. Conner.

Appeal from a conviction of theft of money over $50 in value; penalty, two years imprisonment in the penitentiary.

The indictment alleged ownership of the money ($150) in John Tennison, who was the real owner.  Tennison testified that he drove to the cotton yard to unload three bales of cotton from his wagon.  That the defendant and another negro unloaded the wagon.  That he took out his pocketbook to get a receipt, and in endeavoring to put it back into his pocket must have missed the pocket and dropped the pocketbook containing the $150 on the platform.  He soon missed it and mentioned his loss, and search was immediately instituted.  In the meantime the defendant had left the cotton yard to go to town and answer a long-distance telephone message of which he had been informed by the operator of the telephone office.  He says that in going to town for this purpose he found the pocketbook and went by his home and left it with his wife to keep until he got the officers to help find the owner and aid him in getting the reward.  He was arrested in the telephone office and said he had left the money with his wife.  The money was afterwards recovered by the officers from another negro to whom it had been given to be taken back to defendant after the wife had been told that defendant was suspected of stealing it.

*John R. Hatcher* and *L. N. Cooper,* for appellant, filed an able brief and argument.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of the theft of money over the value of $50, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

Appellant made a motion to quash the indictment because, in the formation of the grand and petit juries (appellant being a negro) he was discriminated against. This question was gone into by the court, and witnesses examined. In our opinion, appellant failed to show that his race was discriminated against in the formation of either the grand or petit jury. True, no jurors of his race were drawn on either jury; but the number of persons who were shown to possess the necessary qualifications to serve as grand or petit jurors was very small; there being not more than one-tenth of the voting population of Delta County, which contained about 3000 voters, of the negro race, and of these a very small per cent was shown to possess the necessary qualifications to serve as jurors. The commissioners who drew the jurors do not show by their testimony that they discriminated against the negro race in drawing the jury lists, either for the grand or petit jury, and, without some proof of this, we would not presume that they did. The burden was on appellant to show this, and he failed to do so. Accordingly we hold the court did not err in overruling the motion to quash.

Appellant does not except to the indictment, but contends that the indictment charges a possession and ownership of the alleged lost property in John Tennison, but the proof shows that he was not in the care, control, or custody of said property; that it was lost, and the property could not have been stolen from him. We take it that, even of lost property, the ownership as well as the constructive possession thereof is in the real owner. To illustrate, if cattle stray from their accustomed range, and are temporarily lost to the owner, they are none the less his property, and in his constructive possession, wherever they may be. True, he has lost the immediate management and control of them, but he is entitled to that management and control. While our statute does not treat of the subject of lost property, and as to its ownership and possession, still, under all of the authorities, the lost property belongs to the rightful owner, and he is entitled to the possession thereof. Our decisions follow the rule at common law, holding that, where property is lost by the owner and found by another person, before such person can be convicted of theft thereof the proof must show that at the very time of the finding and taking he formed the felonious intent to steal the property. If he formed this intent subsequent to the taking and ascertainment of the contents of the package, it is not theft. In this case we hold that the allegation of ownership and possession was properly laid in John Tennison, whom the proof shows had recently lost

the money. See, on this subject, Statum v. State, 9 Texas Crim. App., 273; 1 McClain, Crim. Law, secs. 545, 571; 2 Bishop, New Crim. Law, 878 to 883, inclusive.

Appellant sought a continuance on account of the absence of his wife, who, it appears, was served with process on the day of or day before his trial; and he swears that she, at the time of the trial, was too ill to attend court. We take it that sufficient diligence was shown. Appellant proposed to prove by this witness that, as soon as he found the purse of money, he picked it up and carried it to her, at his home, in the town of Cooper, about a quarter of a mile from where he found it, and deposited it with her for safe keeping, with instructions to hold the same until he could interview the officers of the law, looking to the discovery of the proper owner, as well as to invoke the aid of the officers toward securing any reward that might be offered for the finding of the money. The fact that he left this money with his wife was used by the State as an inculpatory fact against him, and it occurs to us that what he said at the time he deposited said money and purse with her was competent as a part of the res gestae of that transaction, and to show his object in leaving the money with her. If he had carried it and left it with some merchant in town, with instructions to ascertain the owner, we think it would have been competent evidence in his favor; and we can see no reason why the same character of evidence, though coming from the wife of appellant, would be inadmissible. Lancaster v. State (Texas Crim. App.), 31 S. W. Rep., 515. If it clearly appeared from the record that when he first found the money he took it with the determination of holding and secreting the same until he could get a reward for delivering it to the owner, then it might be that the testimony of the wife would be immaterial, as it has been held that, where property is taken originally for the purpose of securing a reward for its restoration, this is theft. See Dunn v. State, 34 Texas Crim. Rep., 257; 18 Am. and Eng. Enc. of Law, 2 ed., p. 504. But we do not understand such to be the testimony here. Moreover, the taking was of lost property, which was found by appellant. In such case he might expect a reward, without at the time having any ulterior motive to withhold and conceal the property until he got a reward. So that there may be a distinction between that character of case and one where the original finding and taking were of the property of an unknown owner, which had been lost. At any rate, the testimony here does not show that appellant proposed to withhold and conceal said property until he could get a reward for its restoration to the owner. While, no doubt, he expected a reward, yet, if his theory is to be believed, he was taking steps to ascertain the owner, and was endeavoring to communicate with the sheriff for that purpose. This theory may not accord with the State's theory, but it is not for us to decide which theory is correct. That is a matter for the jury, under proper instructions from the court. We only hold that the testimony of the wife was admissible, under the cir-

cumstances; and, for the refusal of the court to continue the case on that account, the judgment is reversed and the cause remanded.