## Sam Davis v. The State.

### No. 2570. Decided May 13, 1903.

**1.—Theft of Cattle—Circumstantial Evidence—Charge.**

　　On a trial for the theft of a cow, where it appeared that three days after she was missed by her owner, defendant was seen in broad daylight, within a block of and in plain view of the owner's residence, leading her with a rope around her neck, did not place defendant in such juxtaposition as to the original taking of the cow as not to require a charge upon circumstantial evidence; and it was error for the court to fail to so charge. The case was one of purely circumstantial evidence.

**2.—Same.**

　　Where from the evidence it appeared that, if defendant took the cow with and felonious intent, it was evidently for the purpose of securing a reward for returning her to the owner, the court should have instructed upon that issue.

**3.—Same.**

　　If defendant was offered a reward to find the cow, and he sought and found her, the court fully protected his defense in instructing that, in such event, he should be acquitted.

Appeal from the Criminal District Court of Dallas. Tried below before Hon E. B. Muse.

Appeal from a conviction of theft of a cow; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Muse & Allen* and *Clark, Mathis & Freeman,* for appellant.—The proof in this case shows that the cow alleged to have been stolen was

permitted by its owner, Mr. L. P. Marnell, who lived in Oak Cliff, to run at large upon the common. The cow had been permitted to run loose in this way for only a few days. After a few days the cow failed to come up on the evening of November 18, 1902. The proof shows that the owner of the cow made inquiries for the cow from the time that she first disappeared, and after nearly a month, about the 19th of December, the owner of the cow went to the city pound of the city of Dallas, to inquire for the cow there. He was there informed by Mr. Henry Waller, the police officer in charge of the Dallas city pound, that the defendant, Sam Davis, was engaged in the business of hunting for, finding and restoring lost cattle. The owner of the cow, Mr. Marnell, gave Mr. Waller his address and requested Mr. Waller to send Sam Davis, the defendant, to see him. On the same day the defendant, Sam Davis, went to see Mr. Marnell, the owner of the cow, and for a stipulated sum he agreed to look for the cow and return her in the event he should find her. The uncontradicted proof in the record, coming from a number of the most reputable witnesses, shows that the defendant, Sam Davis, was engaged in the occupation of hunting for and restoring lost animals. The uncontradicted proof of a number of other reputable witnesses establishes beyond all question that from about the 20th day of November, 1902, up to the time the cow was restored to Mr. Marnell by the defendant, the cow was running astray in West Dallas, in the vicinity of and around the homes of said witnesses. A number of these witnesses prior to the time of the trial went to Mr. Marnell's home to look at the cow and identified her as being the same cow which had run astray in their neighborhood in West Dallas for several weeks. This is all of the case except the testimony of the witness Charlie Large, a 13-year-old school boy, who testified that he saw the defendant in company with three other men on horseback in Oak Cliff on the morning of the 21st day of November, 1902, about a block from Mr. Marnell's house, the defendant leading Mr. Marnell's cow with a rope around her neck. This boy had never seen the defendant before in his life. The defendant is under conviction for the theft of said cow. In a theft case, the factum probandum consists of the original taking. To establish this fact the State relied wholly upon circumstantial evidence. Do the facts of this case meet the requirements of the law governing circumstantial evidence? Does the evidence, to a moral certainty, lead to the conclusion of the defendant's guilt beyond every other reasonable hypothesis? Did the defendant come in the possession of the cow innocently, or did he steal the cow, or did he receive the cow from some other person who did steal the cow? In the light of the testimony of the defendant's first witness, Mr. McGintis, together with the testimony of a number of other reputable witnesses showing that the cow was running astray from the 20th of November, 1902, up to the time the defendant found and restored her to Mr. Marnell—in the light of this testimony, is it not probable that the witness, Charlie Large, who had never seen the defendant before in his life, was entirely mistaken about seeing the

defendant with the cow on the 21st of November, and is it not highly probable under all of these facts the defendant had nothing whatever to do with the cow until after he was employed by the witness Marnell to find her? It might be suggested that this was a matter for the jury to pass upon, and not a matter to be urged upon the consideration of this court. To this suggestion we would reply that where, upon a review of all the testimony, the court finds that the facts proven in evidence fail to meet the requirements of the rules governing such evidence, then it is the duty of this court to reverse the case. We suggest upon a careful review of all the facts contained in the record that it is highly question-able whether or not the defendant had any guilty connection whatever with the cow alleged to have been stolen. But even conceding for the sake of argument that the testimony of the witness Charlie Large, unreliable as it is, be true, still the jury should have been permitted under the well-known, established and beneficent rules of law governing circumstantial evidence to determine what guilty connection, if any, the defendant had with said cow. To deny this to the defendant is to deny him the right to a fair and impartial trial, under the law as defined by this court.

*Howard Martin,* Assistant Attorney General, for the State.

HENDERSON, Judge.—Appellant was convicted of the theft of one head of cattle, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

Appellant assigns as error the action of the court failing to instruct the jury on circumstantial evidence. We have examined the record carefully and in our opinion the facts of this case demanded such a charge. The evidence, briefly stated, is as follows: Prosecutor, Marnell, lived in Oak Cliff, and owned a Jersey cow. The cow had been turned out on the range a short time prior to November 18, 1902. She ranged about Oak Cliff, but would come home every night. She failed to come up on November 18th and was seen no more by her owner until some time about the 20th of December, when appellant, whose business it seems was that of hunting stray stock and bringing them to their owner, found the cow, according to his evidence, and brought her to prosecutor, who some days previously had offered him a reward if he would find his cow and bring her home. However, the State proved by witness Large that he saw appellant in possession of said cow on November 21st (three days after she was missed by her owner). This witness testifies that he was on his way to school in Oak Cliff and met appellant, Sam Davis, and three other men on horseback in the road where the cow ranged, and Sam Davis was leading her by a rope around her neck; that he asked him what he was doing with the cow, and defendant said he was going to turn her loose on the prairie. He told defendant that she was Marnell's cow, and showed him where Marnell lived, which was about a block away, the house being in plain view. Now, the question arises,

did this evidence place appellant in such juxtaposition to the fact of taking, as not to require a charge on circumstantial evidence. We think not. The cow had been missed some three days, which was ample time for her to have gone through several hands; and the fact that the alleged thief was found in broad daylight leading the cow out of her accustomed range, and was seen not more than a block away from the owner's residence, would rather suggest that appellant, if guilty, was more likely guilty of receiving the cow from someone else who had appropriated her than of being the original taker. This is not like the case of Adams v. State, 34 Texas Crim. Rep., 470. In that case, the colt had just jumped out of the pasture where it had been placed by its owner, and was seen following the alleged taker, and shortly thereafter the taker was seen by another witness driving said colt. In that case it was held that the facts placed appellant in such juxtaposition to the main fact of taking as not to require a charge on circumstantial evidence. The facts here are stronger than those stated in Montgomery v. State, 20 S. W. Rep., 926, where a charge on circumstantial evidence was held to be necessary. In the view we take of it, the court should have given such a charge; as, from the State's standpoint, the case was one of purely circumstantial evidence. We would further observe that, from the evidence presented in this record, it appears if appellant took the cow with any felonious intent, it was evidently for the purpose of securing a reward for her return, and the court should have instructed upon that issue. Dunn v. State, 34 Texas Crim. Rep., 257.

In our opinion, the charge of the court fully protected appellant in his defense, to wit, that, if appellant was offered a reward to find the cow, and he sought and found her, he should be acquitted. Because of the failure of the court to give a charge on circumstantial evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*