HENRY PRESSLEY, ALIAS TOM PRESSLEY, V. THE STATE.

No. 1172. Decided November 8, 1911.

Rehearing denied December 6, 1911.

**1.—Theft of Horse—Sufficiency of the Evidence.**

Where, upon trial of theft of a horse the evidence sustained the conviction, there was no error.

**2.—Same—Indictment.**

Where the indictment followed precedent, the same was sufficient.

**3.—Same—Evidence—Justice of the Peace—Examining Trial.**

Where, upon trial of theft of a horse, the defendant objected to the introduction in evidence of his statement taken on the examining trial before a justice of the peace, because the same was not properly authenticated and irregular in other respects. Held, that the same was admissible as defendant's testimony given by him on said examining trial, and it need not be decided whether the same was admissible as a statement under Articles 282 and 283, Code Criminal Procedure.

**4.—Same—Statutes Construed.**

Article 790, Code Criminal Procedure, as amended by the Act of 1907, wholly relates to the confessions as such, and was not intended to change the law with reference to the statement of an accused in an examining trial.

**5.—Same—Charge of Court—Recent Possession—Explanation.**

Where, upon trial of theft of a horse, the court in his charge on recent possession and explanation followed approved precedent, there was no error. Following Wheeler v. State, 34 Texas Crim. Rep., 354.

Appeal from the District Court of Austin. Tried below before the Hon. John T. Duncan, special judge.

Appeal from conviction of theft of a horse; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Carothers & Brown,* for appellant.—On question of admitting in evidence, defendant's statement on examining trial: Jenkins v. State, 131 S. W. Rep., 543; Parks v. State, 79 S. W. Rep., 301; Jones v. State, 106 S. W. Rep., 126; Lassiter v. State, 94 S. W. Rep., 233; Walker v. State, 12 S. W. Rep., 503; Biard v. State, 113 S. W. Rep., 275; Jackson v. State, 16 S. W. Rep., 247; Wood v. State, 3 S. W. Rep., 336; Twiggs v. State, 75 S. W. Rep., 531; Gilder v. State, 33 S. W. Rep., 867.

On question of insufficiency of indictment: Coleman v. State, 62 S. W. Rep., 753; Joel v. State, 28 Texas, 643.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

PRENDERGAST, JUDGE.—Appellant was indicted and convicted of the theft of a horse. This is the second appeal in this case. The other is reported in 60 Texas Crim. Rep., 102, 131 S. W. Rep., 332. He was found guilty, and his penalty fixed at five years confinement in the penitentiary.

The report of the other case sufficiently states the case, so that an extended statement of the evidence in this is unnecessary.

1. Appellant contends in his motion for a new trial, that the evidence is insufficient to sustain the conviction. We have carefully gone over it several times, and without stating it, it is our opinion that it clearly justified the verdict.

2. Appellant raises the same question on this appeal as he did on the previous appeal, of the claimed insufficiency of the indictment. The question was correctly decided against him on the other appeal. It is unnecessary to further notice it.

3. Another question is shown by appellant's bill of exceptions No. 1 to the introduction of the statement given by the appellant before the justice of the peace on the examining trial of his case. In order to properly state this, we will give the testimony in full of the justice of the peace, E. A. Wammel, including therein the signed statement by the appellant just as it is in the statement of facts:

"I am justice of the peace of Bellville, Austin County, Texas. I conducted an examining trial of defendant in my court and the defendant was charged with stealing a horse from John Vick. On the date of the trial on the 21st day of July, 1909, I held the examining trial. The defendant being brought into court by the deputy sheriff, I informed the defendant that he had the right to make the statement in the case about the offense with which he was charged, but that any statement he might make could be used in evidence against him; he said that he wanted to make a statement and was very anxious and willing to make a statement, and after I had given him this warning, he then made the statement on the examining trial, which I have here, which reads as follows:

'The State of Texas
              versus                    No. 381
Henry, alias Tom Pressley.
              Theft of a horse.

The defendant being sworn, stated that he bought the horse in Bay City. I bought him from a colored man by the name of John, the other name I don't remember. I paid for the horse at Eagle Lake in

the presence of W. C. Lamers, Mr. The Huver. I paid thirty-eight dollars and seventy five cents and I sold him for fifteen dollars. I bought the horse sometime in April, this year. I bought the horse in April, this year. Two days after I traded for him in Bay City I paid for the horse at Eagle Lake.

(Signed) Henry Pressley.'

(Said statement was sworn to by defendant before and attested by E. A. Wammel, justice of the peace.)

"My recollection is that the foregoing statement was made after the examination of any other witnesses. My practice is different when a defendant is represented by counsel. The defendant in this case was not represented."

In connection with this, and with appellant's attack on the charge of the court, we will give some further of the testimony.

On July 22, 1909, the State witness, Oswald Richter, met appellant in the road near Industry, Austin County, Texas. He was riding a good horse bare-backed, with a rope bridle. He seemed nervous and excited. He offered to sell this horse to this State witness for $45, and finally, after parleying with the witness, agreed to take $15 for the horse. The horse was shown by the testimony of this and other witnesses to be worth from $65 to $75. The conduct and appearance of the appellant excited this witness' suspicion, and he induced appellant to go with him from where he met him in the road to the town of Industry. This witness asked him from whom he bought this horse, and he stated that he could not remember, it was from John somebody.

When the appellant reached Industry, in talking with another State witness, Henry Belcher, he told this witness that he bought the horse in Bay City, the witness stating he might have said Eagle Lake, he could not remember exactly. To another witness, William Belcher, on the same date, he told him that he bought the horse from a man by the name of John Schroeder or John Schrieder, or some name like that, in the town of Bay City.

The appellant introduced several witnesses, among them Meridy Gates who, among other things, testified that appellant bought the horse near Bay City from a strange negro man whom they met on the road, and at the time, borrowed ten dollars from his sister to pay on the horse. His sister, Sarah McJimpsey, testified that they met this man, Johnnie Hayden, from whom appellant bought the horse, about three miles from Eagle Lake, and that she loaned appellant the ten dollars to pay thereon at the time. Green Selders, another of his witnesses, testified that he saw the appellant riding this horse in his, witness', field sometime in May, 1909, and that appellant stated to him that he bought the horse from a man on the road between Eagle Lake and home.

Now, recurring to appellant's bill of exceptions as to the introduc-

tion in evidence of the appellant's written statement, copied above in the testimony of the justice of the peace, the appellant, by the bill, made a great many objections to the introduction thereof. We will give all of them substantially. They were, because appellant was under arrest, charged with the theft of the horse, and in the custody of the officer; and because the magistrate, before whom the examination was held, did not, before the examination of the witnesses, inform the defendant that it was his right to make a statement relative to the accusations against him, nor did he then inform the defendant that he could not be compelled to make any statement whatever, and that if he did make any statement, it might be used in evidence against him; and further because said statement was not made before the examination of any of the witnesses, but in fact made after the witnesses for the State had been examined; and further, because he was required to swear to and did swear to the statement; and further, because said magistrate did not at any time inform the defendant that he could not be compelled to make any statement, but suggested to him the making of the statement after the State had introduced its witnesses; and further, because the magistrate did not make any certificate attesting and authenticating the statement certifying that he informed defendant of his right to make a statement before the witnesses were examined, or at any other time, or that he informed the defendant that he could not be compelled to make any statement whatever, or that such statement, if made, could be used in evidence against him; and further, because said statement does not show that he had been warned by the person to whom the same was made either that he did not have to make any statement at all, or that any statement made might be used in evidence against him on the trial for the offense concerning which the statement was made.

These objections were overruled, and the court permitted the introduction of the statement in connection with the testimony of the magistrate and the other testimony. The court, in allowing the bill, explained and qualified it thus: "The witness, E. A. Wammel, justice of the peace at Bellville, Austin County, Texas, testified that he held an examining trial wherein the defendant was charged with the theft of a horse, and testified that he informed the defendant of his right to make a voluntary statement. That the defendant thereupon made a voluntary statement, the witness, Wammel, testifying that the defendant was very anxious and willing to make such statement. Statement was read by witness and admitted as evidence before the jury, it appearing to the court that the defendant had been advised of his rights as above indicated to make and did make a voluntary statement in the examining trial, it being my opinion, based on the aforesaid facts testified to by the witness, Wammel, that said statement was taken in accordance with the law governing examining trials, and that the law excluding statements of persons under arrest, did not repeal or apply to proceedings had in an examining trial. If this law

did apply, then the statement should have been excluded. If it did not apply, the statement was properly admitted in evidence."

From the record, and from the objections by appellant, it seems that the contention in the court below was more particularly that the statement by the appellant was a confession under article 790 of the Code of Criminal Procedure, and that the amendment of that article by the Act of 1907, page 219, from what it had theretofore been, regulated not only a confession as such, but the statement of the accused made on an examining trial, as regulated by articles 282 and 283 of the Code of Criminal Procedure.

It is our opinion that the change of said article 790 by the Act of 1907, was intended, and in fact, relates wholly to confessions as such, and did not and was not intended to change the law with reference to statements of an accused in examining trials. A confession, as regulated by law, is an entirely distinct thing from a statement by the accused in an examining trial. The distinctions have always been noticed and marked by the decisions as well as by the statute. So that so far as the objections by the appellant to the introduction of said statement in evidence pertained to the confession, they are inapplicable and were correctly overruled.

The appellant's objections, however, would also include the statement by the accused in an examining trial. The statute on that subject is as follows:

"Article 282, Code Criminal Procedure: Before the examination of the witnesses the magistrate shall inform the defendant that it is his right to make a statement relative to the accusation brought against him, but shall at the same time also inform him that he can not be compelled to make any statement whatever, and if he does make such statement, it may be used in evidence against him.

"Article 283, Code Criminal Procedure: If the accused shall desire to make a voluntary statement, he may do so before the examination of any of the witnesses, but not afterward. His statement shall be reduced to writing by the magistrate, or by some one under his direction, or by the accused or his counsel, and shall be signed by the accused, but shall not be sworn to by him. If the accused be unable to write his name, he shall sign the statement by making his mark at the foot of the same, and the magistrate shall in every case attest by his own certificate and signature to the execution and signing of the statement."

These two articles have been frequently construed by this court. The decisions thereabouts have not always marked the distinctions between such a statement thereunder and a confession as regulated by said article 790.

The accused can take the stand and testify not only on the final trial, but on any examining trial, and when he does so, such testimony on any subsequent trial can be introduced against him even though he does not then again testify.

We think that wherein articles 282 and 283, above quoted, require the magistrate to inform the accused that it is his right to make a statement before the examination of the witnesses, and that he may then do so, and not after the State witnesses have testified, is merely directory. We can not see how it would be to his disadvantage, but rather, in our opinion, it would inure to his advantage not to make a statement until after he had heard the State witnesses. It appears in this case the magistrate gave him substantially the warning required by the statute in making his statement. The magistrate did reduce his statement to writing, and he signed it. It does not appear that the justice required him to swear to it, but that he did so voluntarily. Nor can we see how that his swearing to it would render it inadmissible. We think the statute in that regard, too, is directory, and that the fact that he did swear to it would not of itself make it inadmissible. It seems to us that instead of being against the appellant, it would tend to be in his favor that he did swear to it, and so the same thing with reference to the magistrate authenticating his signature. There is no question whatever in this case that it was actually signed by the appellant after being reduced to writing by the magistrate, and that the statement that was introduced was his statement reduced to writing, and that he was not only willing to make it, but very anxious and desirous of doing so. In our opinion there was no reversible error under the circumstances of this case in permitting this statement to be introduced in evidence over appellant's objections.

4. The only other question is the appellant's attack upon the charge of the court in charging on the question of his being found in possession of the horse recently after it was stolen, and his explanation of his possession. Practically each paragraph of the court's charge on that subject in this case is attacked by appellant. It is unnecessary to quote the charge, or the appellant's various attacks thereon. Substantially the same attacks were made upon this charge as on the charge on the former trial of the case, and were passed upon adversely to appellant therein. The charge given on this trial now attacked is almost an identical copy of the charge on that subject laid down by this court in Wheeler v. State, 34 Texas Crim. Rep., 350, and which has many, many times been approved by this court since then as correct. The court's charge in this trial has met and remedied all of the suggestions to perfect it made by Presiding Judge Davidson in his opinion reversing the case on the former trial. It is our opinion that the court gave a correct charge on the subject, and covered every phase of the case fully as favorable to appellant as he was entitled, and that the charge is correct and applicable to the case.

There being no reversible error in the record, the judgment will be affirmed, and it is accordingly so ordered.

*Affirmed.*

December 6, 1911.

PRENDERGAST, JUDGE.—The appellant raises but one question in his motion for rehearing, stating that this court, as he believed, had inadvertently in the decision of the case originally, overlooked the question he had raised. His contention and point on the question as to the admissibility of what is designated the statement made by appellant before the justice of the peace in the examining trial, is as follows:

"The statute requires a warning of three distinct parts: (1) That the defendant has a right to make a statement; (2) That he can not be compelled to make any statement whatever, and (3) That if he does make such statement, it may be used in evidence against him. (Art. 282, C. C. P.) The magistrate gave the defendant the first part of the warning and the third part, but he ignored the second part as completely as if it were not in the statute."

We regret to have to say that the opinion as handed down, does not accurately express what was intended to be the opinion of this court on this point. This is due to the writer alone. It is now due to the appellant, the court and the writer that the matter be explained so as to express the opinion and holding of the court correctly.

In the preparation of the opinion for the court by the writer, it was prepared and the admissibility of the evidence discussed alone under the idea that the evidence complained of was admissible, even as a statement under the examining trial statute, as cited, regardless of whether it was admissible as the *evidence* of the appellant on the examining trial or not. In the original preparation of the opinion, in place of this, as it appears therein, "the accused can take the stand and testify not only on the final trial, but on any examining trial, and when he does so, such testimony on any subsequent trial, can be introduced against him, even though he does not then again testify." The original opinion contained this:

"In the case of Salas v. State, 31 Texas Crim. Rep., 485, on an examining trial before the justice of the peace, the appellant was shown to have made this statement, which was reduced to writing by the magistrate: 'My name is Pedro Salas, and live on the ranch of De Leon, in Nueces County. Voluntarily I state that I am guilty of the charge of burglary on the 4th of July, in the store house of George Hobbs, in the town of Collins.' 'This was signed and sworn to by him.'

"The appellant objected to the introduction of this statement, but the court overruled the objections, and it was introduced in evidence. Judge Hurt, for this court, in commenting thereon, said this: 'Let us concede that appellant should not have been sworn, and concede that his statement is not properly authenticated by the justice. Still, he was cautioned that it might be used against him, and he, under

these facts, voluntarily made and signed it. Suppose he had written a letter containing the statement under discussion. Would not the letter have been evidence against him? Being cautioned as the law directs, the fact that he was in arrest does not affect the question; for with the caution, his statement would be precisely the same as if he was not under arrest. We are of opinion the statement was properly admitted in evidence.' See also Grimsinger v. State, 44 Texas Crim. Rep., 1; Miller v. State, 37 Texas Crim. Rep., 575; Briscoe v. State, 37 Texas Crim. Rep., 464; Kirby v. State, 23 Texas Crim. App., 13; Dill v. State, 35 Texas Crim. Rep., 240; Shaw v. State, 32 Texas Crim. Rep., 155.

"In the cases of Alstan v. State, 41 Texas, 39, and Guy v. State, 9 Texas Crim. App., 161, it was held that if the statement taken on the examining trial was not properly authenticated, or if defective for any irregularity, it might be proved by parol and the testimony introduced," which is now made a part of the original opinion, as the writer's views.

Upon final consultation, before the original opinion was handed down, the whole court was of the opinion, and still is, that what is called the "statement" was in fact the *evidence* of the appellant given by him on the examining trial and was admissible as his testimony, without deciding whether it was admissible as a "statement" under articles 282 and 283 of the Code of Criminal Procedure, or not. If it did not occur to the writer at the time that the balance of the original opinion on that point would be left in the condition it was, hence he did not, as he should, have rewritten the opinion on that point.

The whole court, as stated above, is of the opinion that the evidence of the appellant given before the justice of the peace on the examining trial was clearly admissible on this trial as his testimony given on the examining trial. The writer is of the opinion that it was also admissible as a "statement" under said articles of the Code of Criminal Procedure, though the other two members of the court express no opinion on that point as they deem it unnecessary. The writer, being of the opinion that under the whole circumstances as detailed by the testimony of the justice of the peace, not only the first and third grounds of the appellant's contention, shown above, was complied with, but the second thereof in substance also was complied with.

The motion for rehearing will, therefore, be overruled.

*Overruled.*