### John Doolin v. The State.

#### No. 6993.   Decided May 24, 1922.

**1.—Theft—Evidence—Warning—Statement of Defendant—Parol Testimony.**

Where, upon trial of theft, there was introduced by the State in evidence the statement made by the defendant, in accord with Articles 294, and 295, C. C. P., and it appeared from the record that the county attorney, in the presence of the justice of the peace, and at his request gave the defendant the requisite warning before he made said voluntary statement, which is duly authenticated and certified to by the said magistrate, there was no reversible error, and the method pursued was a sufficient compliance with the statute; neither was it necessary that said statement should contain the caution or warning required by statute, as that fact may be established by parol.

**2.—Same—Ownership—Possession—Lost Property—Rule Stated.**

Where the indictment charged two separate counts, and only one count was submitted, which charged the ownership and possession in Mrs. Rebecca

Lake, and the proof showed that she left the alleged stolen property in the train, while the defendant, as porter of the railway, appropriated the same, the same remaining in legal possession of the true owner and was not re· duced to the possession of some other person, there was no variance in the proof and allegation in the instant case. Following Martin v. State, 44 Texas Crim. Rep., 538, and other cases.

Appeal from the District Court of Brown. Tried below before the Honorable J. O. Woodward.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*H. D. Payne,* for appellant.—On question of voluntary statement: Clark v. State, 207 S. W. Rep., 98.

On question of ownership: Briggs v. State, 20 Texas Crim. App., 106; Hall v. State, 22 id., 632.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for theft; punishment fixed at confinement in the penitentiary for two years.

There was introduced against appellant, over his objection, a statement signed by him. As set out in the bill of exceptions, the statement on its face shows that it was made before G. B. Cross, a justice of the peace of Brown County. In the statement signed by appellant, there is no reference to warning. On a separate piece of paper, but attached to the statement signed by appellant, is a certificate by which the instrument is identified as having been made before Judge Cross, sitting as an examining court, "and after I had informed him that if he did make a voluntary · statement, it might be used in evidence against him." The statutes to be construed are Articles 294 and 295 of the Code of Crim. Procedure. A voluntary statement made and certified in accord with these articles is admissible in evidence. Vernon's Texas Crim. Stat., Vol. 2, p. 144, and cases listed. As a predicate for the introduction in evidence of such a statement, the statute demands that "the magistrate shall inform the defendant that it is his right to make a statement relative to the accusation brought against him, but shall, at the same time, also inform him that he cannot be compelled to make any statement whatever, and, that if he does make such statement, it may be used in evidence against him." It is required that "the magistrate shall, in every case, attest by his own certificate and signature to the execution and signing of the statement." It is conceived that the purpose of the certificate is to authenticate and identify the statement which is made by the accused and that the certificate could not add to it any fact not embraced in the statement. See Garcia v. State, 88 Texas Crim. Rep., 605, 228

S. W. Rep., 938; Aiken v. State, 64 S. W. Rep., 57; Powell v. State, 37 Texas Reports, 348; Brez v. State, 39 Texas Reports, 96; Kirby v. State, 23 Texas Crim. App., 13; Pressley v. State, 64 Texas Crim. Rep., 127. It is not essential that the statement signed by the accused and taken under this statute shall contain the caution or warning required by statute. That fact may be established by parole. Rios v. State, 79 Texas Crim. Rep., 89, 183 S. W. Rep., 151; Guy v. State, 9 Texas Crim. App., 161.

Cross, the Justice of the Peace, did not testify in the instant case, but the county attorney did testify that he was present at the time the statement was made and that he, in the presence of the justice of the peace and at his request, gave the appellant the requisite warning, and that this was done before any witnesses were sworn and before the appellant made his statement, which was introduced in evidence.

The statement, having been made by the appellant, signed and authenticated by the certificate of the magistrate who conducted the examining court, the only question remaining is whether the statute was complied with, that is, whether the demand of the statute that the magistrate warned the accused is satisfied by the warning given him through the mouth of Early, the county attorney, under the direction of the justice of the peace and in his presence. When the warning is in substance like that directed by the statute, it is not absolutely demanded that the form, that is, that the statutory words be used. Kirby v. State, 23 Texas Crim. App., 13; Aiken v. State, 64 S. W. Rep., 57; Briscoe v. State, 37 Texas Crim. Rep., 464. It occurs to us also that under the facts, which are not in controversy, that the method pursued was sufficient compliance with the statute, that is, that the justice of the peace having instructed the county attorney to give to the appellant the warning, and the county attorney having done so in his presence, using in substance the statutory words, and all of this occurring at the beginning of the trial, that this constituted a warning by the magistrate, and that no error was committed by the trial court in admitting the statement in evidence. The statement was not introduced under the statute governing confessions (Article 810) but its admissibility was governed by Articles 294 and 295, supra. See Pressley v. State, 64 Texas Crim. Rep., 127.

The indictment charged in separate counts ownership and possession of the property in Mrs. Rebecca Lake, D. D. Porter and E. H. Lake, but submitted, however, only the count charging ownership and possession in Mrs. Rebecca Lake.

Mrs. Rebecca Lake testified that she arrived at Brownwood on the 18th of November, 1921, at 3:00 in the evening on the Frisco train; that the next day she missed her cape, which was quite valuable. She left it in the rack over her seat in the passenger coach in which she was riding.

Appellant was seen coming out of the train with the cape in his

possession. He afterwards denied knowledge of it. The loss of the cape was reported to the railway authorities and the cape was finally found in the residence of the appellant upon information obtained from him.

In his confession, appellant said that he found the cape and had put it in his brunk or locker; that he did not know to whom it belonged; that the baggage-man asked him if he had found a cape, and he told him "no;" but that he finally disclosed its whereabouts after he had been told that if he did so he would be released from prosecution.

The point is made that Mrs. Rebecca Lake having left her cape in the train, the ownership or possession should have been charged in some employee of the railroad company. To support this contention, appellant cites: Briggs v. State, 20 Texas Crim. App., 106; Littleton v. State, 20 Texas Crim. App., 168; Hall v. State, 22 Texas Crim. App., 632; Frazier v. State, 18 Texas Crim. App., 434. We think this position is not tenable. These cases state the rule which prevails when the property is under the care, control and management of one other than the actual owner. Property which is lost, however, within the meaning of the law, remains in the possession of the true owner until it is reduced to the possession of some other person. Martin v. State, 44 Texas Crim. Rep., 538; Willis v. State, 44 S. W. Rep., 826; Moore v. State, 8 Texas Crim. App., 496; Garling v. State, 2 Texas Crim. App., 44. This rule, we think, is applicable to the facts of the instant case. Mrs. Lake left her cape upon the train, and did not discover the loss until the following day. She gave no notice to any one connected with the railroad company of its loss. She charged no one with its care. Appellant found it and appropriated it to his own use. We think the proof coincided with the averment that it was taken from the possession of Rebecca Lake.

The record reveals no error. The judgment is therefore affirmed.

*Affirmed.*