PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUSTO LÓPEZ, Defendant and Appellant.

No. 4581.   Argued December 8, 1931—Decided December 24, 1931.

*José Luis R. Cancio* for appellant.   *E. Díaz Viera*, Assistant *Fiscal*, for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Justo López was prosecuted in the Municipal Court of San Juan on a charge of petit larceny. After he was convicted in that court he appealed to the district court, which also convicted him, and thereupon he took an appeal to this Supreme Court.

The record sent up is complete and an extensive brief has been filed wherein four errors are assigned. By these assignments it is contended that the complaint does not state any public offense, and that the court erred in admitting certain evidence and in holding that the evidence adduced was sufficient to find the defendant guilty.

The complaint is sufficient. The circumstance that it is stated therein, after alleging the fact of asportation, that "upon being discovered by Carmela Rivera the defendant gave up the said hen," does not nullify the averment of asportation.

Wharton, in his work on Criminal Law, Vol. II, p. 1384, sec. 1161, says:

"The taking of another's goods out of the place where they were put, though the taker be detected before they are actually carried away, is larceny. To taking it is essential that the thing should be moved from the particular portion of space which it occupied before the alleged taking, although the whole of it need not

be moved from the whole of such space. To take a thing from a person it is necessary that the taker should at some particular moment have adverse possession of the thing. But this independent, absolute control need endure only for an instant.''

In a note to *State* v. *Homes,* 17 Missouri 379, which appears in 57 Am. Dec. 272, we find the following:

"There must be some asportation. It is not sufficient that the defendant have the power to remove the article: State v. Alexander, 74 N. C. 232. In Texas, by statute, the necessity of asportation has been done away with, and in that state, now, larceny may be complete without any asportation: Harbeger v. State, 4 Tex. App. 26; S. C., 30 Am. Rep. 157; Musquez v. State, 41 Tex. 226; Hall v. State, Id. 287; Austin v. State, 42 Id. 345; Prim v. State, 32 Id. 157. In the other states, however, the common-law rule remains unchanged. The slightest asportation is sufficient: Regina v. Simpson, Dears. C. C. 421; Eckels v. State, 20 Ohio St. 508; Gettinger v. State, 13 Neb. 308; S. C., 27 Alb. L. J. 42; 14 N. W. Rep. 403; Lundy v. State, 60 Ga. 143. It is immaterial that the prisoner had possession but a short time: Garriss v. State, 35 Id. 247. A mere temporary possession, though but momentary, is sufficient: Harrison v. People, 50 N. Y. 518; C. C., 10 Am. Rep. 517. If one takes goods out of the place where they are put, although he is detected before they are actually carried away, the larceny is complete: State v. Wilson, 1 N. J. L. 439; so, also, the asportation is sufficient if the goods are removed from the place where they were, and the thief has for an instant the entire and absolute possession of them: State v. Jackson, 65 N. C. 305.''

This Court has applied the above doctrine in *People* v. *Laguer, ante,* p. 878.

The other errors relating to the reception and the weighing of the evidence have not been committed either. The *Fiscal* in his brief fully answers all the arguments advanced by the appellant. The stolen fowl was sufficiently identified before it was introduced in evidence. The evidence for the government tended to establish that the defendant entered the property, left the coffee plantation with a hen, passed over the barbed-wired fence, and on being detected by Carmela Rivera said to her: ''Madam, take this hen; one of its legs has been broken by the car,'' whereas it was not

true that the fowl had any broken leg. The evidence for the defense tended to show that upon the defendant passing with his car in front of the property of the accuser, the car injured a hen; that he stopped the car, seized the fowl and handed it to Carmela Rivera who was coming from her home towards the road, believing that it was hers. Two courts who heard the testimony of the witnesses adjusted the conflict against the accused. There has been no showing of passion, prejudice, or bias, nor of manifest error.

The appeal must be dismissed and the judgment appealed from affirmed.