EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUSTO LÓPEZ, acusado y apelante.

No. 4587.—*Sometido:* Diciembre 8, 1931. *Resuelto:* Diciembre 24, 1931.

*José Luis R. Cancio,* abogado del apelante; *E. Díaz Viera, Fiscal Auxiliar,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Justo López fué acusado en la Corte Municipal de San Sebastián de un delito de hurto de menor cuantía. Condenado por la corte municipal, apeló para ante la de distrito, y declarado culpable otra vez, recurrió para ante este Tribunal Supremo.

Se han elevado los autos completos y se ha presentado un amplio alegato en el que se señalan cuatro errores. Se sostiene por ellos que la denuncia no imputa un delito y que la corte erró al admitir cierta prueba y al decidir que la practicada es suficiente para declarar culpable al acusado.

La denuncia es bastante. La circunstancia de que en ella se consigne, después de imputarse el hecho de la sustracción, que "al ser sorprendido el acusado por Carmela Rivera entregó dicha gallina", deja la sustracción en pie.

En su obra sobre "Criminal Law", vol. II, pág. 1384, sección 1161, dice el tratadista Wharton:

"La sustracción de bienes pertenecientes a otra persona del sitio en que fueron colocados, aunque el que se los lleva sea sorprendido antes de que los objetos sean realmente transportados es hurto. Para sustraer es esencial que la cosa sea movida del sitio determinado ocupado por ésta antes de la supuesta sustracción, aunque no es necesario que la cosa en su totalidad sea movida del espacio total por ella ocupado. Para sustraer un objeto de una persona es necesario que el que sustrae tenga en determinado momento la posesión adversa de la cosa. Pero este dominio independiente y absoluto solamente necesita durar por un instante."

Y de una nota al caso de *State* v. *Homes,* 17 *Missouri*

379, que aparece en el volumen 57, pág. 272 de "American Decisions", tomamos lo que sigue:

"Debe haber alguna transportación. No basta que el acusado esté en aptitud de llevarse el objeto. State v. Alexander, 74 N. C. 232. En el Estado de Tejas, por estatuto, se ha eliminado el requisito de la transportación, y hoy en día puede cometerse en ese Estado el delito de hurto sin que haya transportación de clase alguna. Harberger v. State, 4 Tex. App. 26; S. C., 30 Am. Rep. 157; Musquez v. State, 41 Tex. 226; Hall v. State, Id. 287; Austin v. State, 42 Id. 345; Prim v. State, 32 Id. 157. Sin embargo, en los demás estados permanece inalterada la regla del derecho común. La más ligera transportación es suficiente. Regina v. Simpson, Dears. C. C. 421; Eckels v. State, 20 Ohio St. 508; Gettinger v. State, 13 Neb. 308; S. C., 27 Alb. L. J. 42; 14 N. W. Rep. 403; Lundy v. State, 60 Ga. 143. La mera posesión temporal, aunque momentánea, es suficiente. Garriss v. State, 35 Id. 247. Si una persona sustrae bienes del sitio en que se hallan y es sorprendida antes de haberse llevado realmente los efectos, el hurto ha sido totalmente cometido. State v. Wilson, 1 N.J.L. 439; de igual modo la transportación es suficiente si los objetos son removidos del sitio donde se encontraban y durante un instante el acusado tuvo entera y absoluta posesión de los mismos. State v. Jackson, 65 N. C. 305."

Recientemente esta misma Corte Suprema, en el caso de *El Pueblo* v. *Laguer*, ante, p. 915, aplicó el principio como se deja enunciado.

Los otros errores relativos a la práctica y apreciación de la prueba tampoco se han cometido. El fiscal contesta en su alegato cuidadosamente todos los argumentos del apelante. El animal hurtado fué suficientemente identificado antes de introducirse como prueba. La evidencia de El Pueblo tendió a demostrar que el acusado penetró en la finca, salió de los cafés con la gallina, pasó los alambres de la cerca y al ser entonces sorprendido por Carmela Rivera le dijo: "tenga señora esa gallina que el carro le ha roto una pata", sin que fuera cierto que el animal tuviera pata alguna rota, y la de la defensa que al pasar el acusado con su carro por frente de la finca del denunciante estropeó una gallina, que detuvo el carro, cogió el animal y lo entregó a Carmela Rivera que

venía de su casa hacia la carretera, creyendo que era de ella. Dos cortes que oyeron declarar personalmente a los testigos resolvieron el conflicto en contra del acusado. No se ha demostrado pasión, prejuicio o parcialidad, ni error manifiesto.

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*