### BOB WALKER v. THE STATE.

*No. 3177.   Decided October 23.*

**Evidence—Confessions.**—See the statement of the case for the substance of a statement made by the accused in an examining court, together with the circumstances under which it was made, and under which it was admitted in evidence on this trial as a voluntary statement, *held* not to have been a voluntary statement within the purview of article 262 of the Code of Criminal Procedure, and therefore to have been erroneously admitted in evidence.

APPEAL from the District Court of Chambers, on change of venue from Liberty.   Tried below before Hon. L. B. Hightower.

The appellant was convicted in the first degree for the murder of J. C. Lacour, his punishment being assessed at a life term in the penitentiary.

The one question determined on this appeal was the competency as evidence of a certain statement made by the defendant, and it is not necessary that the case should be more fully stated than is required by the ruling.

It appears from the record that one Charles Brown was arrested upon the charge of having murdered J. C. Lacour, and was arraigned for trial before an examining court; that at that time the defendant was in custody, suspected of the same murder; that he was introduced as a witness for the State and testified against the said Brown on the said examining trial; that he was subsequently placed on his own examining trial in the same court, and being notified that he was at liberty to make a voluntary statement, he declined to make any further statement than he had made on the examining trial of Brown, which had been reduced to writing, and which he adopted as his voluntary statement in the matter of his own examining trial.   It is this written statement, originally made on the examining trial of Brown, and subsequently adopted on his own examining trial, and which was introduced in evidence against him on the final trial in the District Court, that is involved in the ruling on this appeal.

As a predicate for the introduction in evidence of the said written statement, the county attorney of Liberty County testified, in substance, that when the defendant was called to the stand on the examining trial of Charles Brown, he testified in behalf of the State and against the said Brown; that his said testimony was reduced to writing, and was then read to, and was signed by the defendant in the presence of the magistrate; that subsequently the defendant was placed upon his examining trial before the same magistrate, charged with the same offense that was charged against Brown, when he, the witness, representing the State, requested the magistrate, in the presence and hearing of the defendant, to notify the defendant that he was entitled to make a voluntary statement if he desired to, but that such statement could be used in evidence against

him.  The witness did not remember that the magistrate did so warn the defendant, but thought that he must have done so.  The witness then asked the defendant if he wished to make a voluntary statement, to which the defendant replied that he had no statement to make other than the one he had previously made on the examining trial of Brown. That statement was then produced and read to the defendant, who said that it contained the truth, and that he would adopt it as his voluntary statement on that (his own) examining trial.

J. G. Minter testified that he was present at the examining trial of the defendant and heard him warned by either the magistrate or the county attorney—the witness did not remember which—that whatever voluntary statement he should make could be used in evidence against him.  Defendant then declined to make a statement, but adopted his statement on the examining trial of Brown.

J. M. C. Lacour, the father of the deceased, testified that he was present at the examining trial of defendant and heard both the magistrate and the county attorney warn the defendant that whatever voluntary statement he made could be used against him.  The witness left the court room while the county attorney was reading to the defendant the statement which he, defendant, made on the examining trial of Brown, and did not know what the defendant said at the conclusion of the reading.

Upon this predicate the written statement of the defendant was admitted in evidence.  As it appears in the record the statement is signed by the defendant, using a cross mark, but it is in no manner certified or authenticated by the magistrate.  The statement is quite lengthy, but may be summarized in few words.  The defendant stated that he met Charles Brown on the fatal night, when he, Brown, told him that he was going then to kill the deceased, and that defendant must go with him; that he declined, when Brown told him that he had to go or he, Brown, would kill him, defendant; that he was afraid Brown would kill him if he did not go, and that he went; that he was present when Brown struck the fatal blows, and that he held the horses of Brown and another until they took the body of the deceased from the place of the killing to the river into which it was thrown, and that, being threatened by Brown with death if he ever divulged the murder, he had never before implicated the said Brown.

*Douglass & Lanier,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WILLSON, JUDGE—We are of the opinion that the written statement admitted in evidence against the defendant over his objections thereto is incompetent evidence and should have been rejected.  Said statement

can not be considered a voluntary statement such as is provided for by statute. Code Crim. Proc., art. 262. It was not made by the defendant as a voluntary statement. It was sworn to by him. It was not authenticated as a voluntary statement by the magistrate before whom it purports to have been made. It is clear to our minds that the statement was not admissible in evidence as a voluntary statement under article 750 of the Code of Criminal Procedure.

Was the said statement otherwise admissible? We do not think it was. When he made it the defendant was in custody, charged with the murder to which said statement related. He was not warned that his statement might be used as evidence against him. His confession of his own connection with the murder contained in said statement is not accompanied by a statement of facts or circumstances that were found to be true conducing to establish his guilt. No such fact or circumstance appears to have been discovered or found to be true by reason of any statement made by him.

Holding as we do that the admission in evidence of said statement was error, it is unnecessary that other questions presented in the record should be determined. The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Hurt, J., absent.