PEDRO SALAS V. THE STATE.

*No. 110. Decided January 28.*

**Evidence—Confession—Voluntary Statement of Accused Before Examining Court.** — If a defendant charged with crime, at his examining trial before a magistrate, has been informed of his rights with regard to a voluntary statement, and duly warned by the magistrate "that if he does make such statement it may be used in evidence against him," makes a statement confessing his guilt, such statement is legitimate evidence against him on a subsequent trial for said offense, and it is no valid objection to its admission that it was made while he was under arrest, nor that the same was sworn to by him.

APPEAL from the District Court of Nueces. Tried below before Hon. J. C. RUSSELL

Upon a trial for burglary, appellant was found guilty, and his punishment assessed at two years in the penitentiary.

A statement of the facts is unnecessary.

*Marshall, Rogers & Grass*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was convicted of burglary, and his punishment assessed at confinement in the penitentiary for two years, from which judgment he prosecutes this appeal.

It is shown by the record, that a day or two after the burglary is alleged to have been committed appellant and two others were arrested and brought before a justice of the peace for an examining trial. He was informed of the charge against him, of having burglarized the store house of George Hobbs on the 4th day of July, and cautioned and warned that any statement he made might be used against him; that he could make a voluntary statement if he wished, but that he could not be compelled to do so.

Appellant then made the following statement, which was reduced to writing by the magistrate: "My name is Pedro Salas, and live on the ranch of De Leon, in Nueces County. Voluntarily I state that I am guilty of the charge of burglary on the 4th of July, in the store house of George Hobbs, in the town of Collins." This was signed and sworn to by him. This statement was introduced in evidence, over objection of appellant, and is here presented in a proper bill of exceptions, with the explanation of the learned trial judge that a proper predicate had been laid, as is also shown by the statement of facts.

Let us concede that appellant should not have been sworn, and concede that his statement is not properly authenticated by the justice. Still he was cautioned that it might be used against him, and he, under these facts, voluntarily made and signed it. Suppose he had written a letter containing the statement under discussion. Would not the letter have been evidence against him? Being cautioned as the law directs, the fact that he was in arrest does not affect the question; for with the caution, his statement would be precisely the same as if he was not under arrest. We are of opinion the statement was properly admitted in evidence. There is no other question in the case, and the judgment is affirmed. Kirby v. The State, 23 Texas Ct. App., 13; Code Crim. Proc., arts. 261, 262.

*Affirmed.*

Judges all present and concurring.