### Dennis Sullivan v. The State.

*No. 56. Decided January 31.*

1. **Assault with Intent to Murder—Evidence—Antecedent Menaces—Quarrels—Motive.**—On a trial for assault with intent to murder, antecedent menaces, quarrels, and grudges between the parties, may always be shown to prove motive, malice, and to throw light upon the acts of defendant.

2. **Limiting the Charge.**—Where the general charge fails to limit the general effect of testimony going to establish motive only, exceptions should be taken or special charges asked curing the omission, and especially so when it can not be readily seen how the defendant could have been injured by the omission.

3. **Provoking Difficulty—Self-Defense.—**A party who provokes a difficulty can not justify his acts on the ground of self-defense; and even though he may have sought the difficulty with no intent to kill or do bodily injury, yet if afterward it became necessary for him to kill in order to save his own life, he can not justify his act by claiming self-defense.

4. **Charge of the Court— Qualifying Special Charges — Defendant's Standpoint.—**When the defendant requested the court to instruct the jury that with regard to self-defense the facts must be viewed from defendant's standpoint, and that if he shot to prevent the other party from shooting him, they should acquit, *held*, that it was not error, under the facts of the case, for the court to qualify the instruction to the effect that if the defendant brought on the difficulty he could not claim self-defense.

5. **Evidence.—**See evidence. stated in the opinion, *held* amply sufficient to sustain a verdict and judgment for assault with intent to murder.

APPEAL from the District Court of Gonzales.   Tried below before Hon. GEORGE McCORMICK.

Appellant was indicted for assault to murder one T. G. Beaty, and at his trial was convicted of said offense, and his punishment assessed at two years in the penitentiary.

The evidence shows, in substance, that there had been one or more previous difficulties between defendant and the alleged injured party, T. G. Beaty, and his brother Bruce Beaty. That in one of these previous difficulties defendant had snapped his gun at T. G. Beaty, and had shot at Bruce Beaty, they being unarmed at the time. That the day before the last difficulty, defendant, in passing by T. G. Beaty's house, saw Beaty sitting on his gallery with his crippled child in his lap, and without any provocation presented his gun and snapped it at him. On the day of the last difficulty defendant and one King came from Belmont and were ferried across the river by T. G. Beaty, and after getting across, stopped to water their horses at the river. There were some negro women there washing for T. G. Beaty's family. Defendant asked one of the negro women to hand him Miss Lida's red dress; that he wanted to put it on to see how it would fit him. Miss Lida, the person named by defendant, was T. G. Beaty's wife. When the negro woman refused to hand him the dress, he began cursing and abusing all the negro women, and said, "God damn you, I will ravish you and run you all into the river."

Upon Beaty's remonstrating with him, and asking him not to bother the women, he drew his pistol, and began cursing Beaty, threatening to kill him. King got between them. Beaty went on up to his house, and King and defendant went on some 200 yards beyond Beaty's house, and stopped. Beaty got his double-barreled shot gun, and returned to the ferry-boat, and was sitting on a wagon, talking to a negro, when King came back, and said that defendant wished to settle the matter with Beaty, and make friends. While they were talking, defendant came loping up on his horse, singing, "Great big nigger, sitting on a log, with his finger

on the trigger and eyes on a hog." He commenced cursing Beaty, telling him not to move his gun, but to come out from behind the wagon; that he would fill his hide full of lead. Finally he got down off his horse, and both parties fired about the same time.

It is unnecessary to give any further detailed statement of the facts.

*Glass & Burges*, for appellant, filed an able and interesting brief.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was indicted for an assault with intent to murder one T. G. Beaty, and was sentenced to two years in the State penitentiary, from which judgment he appeals.

1. Appellant complains that the court erred in allowing testimony of a previous difficulty between appellant and T. G. Beaty to be introduced upon the trial of this case. Antecedent menaces, quarrels, and grudges may always be shown to prove malice. Anderson's case, 15 Texas Ct. App., 447; McKinney's case, 8 Texas Ct. App., 626. The testimony of the former attempt upon the life of Beaty only the day before the present assault with intent to murder was committed, was certainly admissible to throw light on the acts of defendant, and prove motive. Carr v. The State, 41 Texas, 543. There were no special charges asked, nor exceptions reserved to the general charge for not limiting the effect of the testimony to the proof of motive only, and we can not see how any injury was caused by the failure of the court so to charge, as we see no reason for believing the defendant was convicted for the first assault.

2. The appellant complains the court erred in using the expression in his charge, that "if the jury believed that defendant sought Beaty for the purpose of bringing on a difficulty," without explaining what kind of a difficulty. While it may not be clear what point is referred to in the expression, "but upon this point," yet we think the proposition contained in the charge is not only correct, but applicable. The court, in substance, charged, that if defendant brought on and began the difficulty, he could not justify his attempt to kill Beaty on the ground of self-defense; for although defendant began the difficulty, with no intent to kill or to do bodily injury to Beaty, yet, if afterwards, in the course of the difficulty, he found it necessary to kill him to save his own life, he can not justify his act by claiming it was done in self-defense. White's case, 23 Texas Ct. App., 154; Lilly's case, 20 Texas Ct. App., 1; Thuston's case, 21 Texas Ct. App., 245; Gilleland's case, 44 Texas, 356.

3. Neither do we see any error in the qualification of the special charge asked by the appellant. The court, at the instance of defendant, charged the jury, that upon the question of self-defense the facts must be viewed from defendant's standpoint, and if, when defendant shot, he had reason

to believe Beaty was about to shoot him, the jury should acquit.   The court properly qualified this charge by adding that it was to be considered in connection with subdivision 2 of the charge referred to above, to the effect that if defendant brought on the difficulty, he could not claim self-defense.

4.  Appellant claims that the evidence is insufficient to support the verdict.   We can not agree to this view of this case.   The record shows that appellant was the aggressor all through the difficulty, which seems to have continued for several days.   When he saw Beaty sitting with his gun upon the wagon he rode back on no peaceful mission.   True, he was singing, but was armed for the fight.   Claiming that Beaty had changed the position of his gun, which Beaty denied and disclaimed, he leaped from his horse, and drawing his pistol, told him to come from behind the wagon and he would fill him with shot; and the fight began, both parties firing.   While Beaty was fixing his gun, which had hung fire, appellant remounted, and rode close up to him and fired.   The evidence, we think, is sufficient to sustain the verdict, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.