## JAMES LAURENCE v. THE STATE.

*No. 25. Decided March 28.*

1. **Continuance, Second Application for.**—A second application for a continuance for absent testimony is properly overruled where it appears either that the diligence is insufficient or that the proposed absent testimony is probably untrue.

2. **Admission of Testimony after Case is Closed.**—After having examined several witnesses, the prosecuting attorney announced that the State rested its case; whereupon the defendant declined to introduce any testimony. The prosecuting attorney was then, over objection of defendant, allowed to introduce other witnesses in behalf of the State. *Held*, that the testimony was permissible under provision of article 661, Code of Criminal Procedure, which provides, that "the court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appear that it is necessary to a due administration of justice."

3. **Evidence—Harmless Error.**—On the trial the prosecuting officer proposed to prove by witnesses certain statements made by defendant when he testified as a witness in this cause before an examining court, to which defendant objected, on the ground that his testimony on said examining trial was reduced to writing, and that said written statement was the best evidence, which objection was overruled by the court. *Held*, that if error be conceded, it was harmless, in view of the fact that the defendant had himself twice again testified to the same fact, one of the occasions being as a witness in this case.

APPEAL from the District Court of Duval. Tried below before Hon. A. L. McLANE.

The indictment in this case, which was presented in the District Court of Webb County, contained two counts. The first charged appellant with the theft of two horses, the property of Pedro Flores, in the county of Encinal, which latter county was attached to Webb for judicial purposes; and the second count charged that defendant did, in the county of Encinal as aforesaid, fraudulently receive from one Santiago Tijerino, and fraudulently conceal, the said two horses, he knowing the same to have been acquired by theft.

By agreement of parties the venue was changed from the District Court of Webb to the District Court of Duval County. At his trial in the District Court of the latter county, appellant was found guilty, under the second count of said indictment, of receiving and concealing stolen property, knowing the same to have been stolen, and his punishment was assessed at five years confinement in the penitentiary.

The testimony clearly showed that the two horses of Pedro Flores had been stolen. Defendant claimed to have bought these two horses, with a number of others, from one Martiriano Benavides, and that he had received a bill of sale for the same, and had paid in good faith as the purchase money for said horses the $340 mentioned as the consideration in said bill of sale. The theory of the State was, that the horses were stolen by San-

tiago Tijerino, and that defendant knew that they were stolen when he sent them to and received them from said Tijerino, in his, defendant's, pasture in Encinal County. Defendant denied that he had ever seen Tijerino, or had ever bought any horses from him. The State identified, by the testimony of the Mexicans who stayed on defendant's ranch, the party as Tijerino, who brought the horses to defendant's ranch, and also proved that the defendant and Tijerino were together for a day or so at defendant's ranch.

Croucher, who testified to his having signed as a witness the bill of sale purporting to have been executed by Martiriano Benavides, also testified at the trial that he believed that Santiago Tijerino, whom he had seen in court, was the man who had executed the bill of sale. It appears that Tijerino had been arrested for stealing these horses and tried before an examining court, at which trial defendant, as a witness, testified that he did not know Tijerino, and had never seen him before; that he had never purchased or received any horses from him. He testified to the same facts as a witness on the trial of Tijerino for the theft of these horses, and finally he testified to the same facts again, as a witness in his own behalf, on the trial of this case. On this, his trial, he objected to the State's proving by witnesses that he had sworn to such facts on the examining trial, because his written testimony taken on the examining trial was the best evidence. The admission of this testimony over his objection is one of the questions discussed in the opinion.

*Nicholson, Dodd & Mullally*, *S. H. Woods*, and *Bethel Coopwood*, for appellant, filed a very able and elaborate brief in the case, as well as a motion for rehearing, which was overruled.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, Judge.—Appellant was indicted for and convicted of receiving stolen property from Santiago Tijerino. When the cause was called for trial, appellant applied for and was refused a second continance for the testimony of one Benavides. This witness was expected to testify that he sold the horses to defendant, and executed to him therefor a bill of sale.

1. We do not think the diligence to secure this attendance was sufficient, nor the testimony probably true. The evidence of the witness Croucher renders it reasonably certain that one Santiago Tijerino executed the bill of sale under the name of the alleged absent witness; and by two witnesses positively that said Tijerino placed the horses in defendant's pasture, and on the same day disappeared, and after an absence of two days returned. It is also shown that the defendant came to the pasture on the same day, and shortly after Tijerino's return; that the

horses were then placed in a pen, and that defendant, in the presence and with the assistance of Tijerino, noted in a book the brands on the horses. It is further testified, by the witness Caronado, that defendant told Tijerino if he informed Pedro about the stock he would not buy any more stock from him; that he did not want Pedro to know about the trade. Santiago replied that he had not told Pedro. This conversation occurred in the pasture, just after their return from the pen where the horses were. Defendant denied any knowledge of Tijerino, and testified on the trial that he had never seen him until some time subsequent to the transactions detailed, and had never had any dealings with him.

2. After several witnesses had testified, the prosecution rested its case, and the defendant declined to offer any testimony; whereupon the district attorney was permitted to introduce other witnesses. This was objected to by defendant, on the ground that the State could not reopen its case, nor introduce additional testimony, and should be confined to evidence in rebuttal. These objections are not tenable, for the statute provides, that "the court shall allow testimony to be introduced at any time before the argument of the cause is concluded, if it appear that it is necessary to a due administration of justice." Code Crim. Proc., art. 661; Nalley v. The State, 28 Texas Ct. App., 387; Hendricks v. The State, 28 Texas Ct. App., 416; Farris v. The State, 26 Texas Ct. App., 105; Testard v. The State, 26 Texas Ct. App., 260; Willson's Crim. Stats., secs. 2311, 2312.

3. While testifying on his examining trial defendant denied any knowledge of Santiago Tijerino. The State, on the trial of this cause, proved this statement of defendant, over his objection that said testimony had been reduced to writing and was the best evidence, and because a predicate had not been laid for its introduction. If it be conceded that he was correct, still we do not think it reversible error, because it was shown, without objection, that he again testified to the same fact on the trial of Tijerino. He also testified on the trial of this case that he had never seen said Tijerino until during the month of September, subsequent to his arrest.

The remaining questions have been considered, but we find no merit in them.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring