## Jesse Jones v. The State.

### No. 3615.  Decided October 10, 1906.

**1.—Murder in First Degree—Argument of Counsel—Defendant's Failure to Testify.**

Upon trial for murder where the State's counsel in his argument used the following language: "What is the testimony on the part of the defense to meet this? (referring to the circumstances surrounding the homicide). Why gentlemen, they are as silent as the grave, which trust he will soon fill (pointing at defendant)." Held, that the expression was of a general character, and not a reference to defendant's failure to testify.

**2.—Confession—Intimidation—Promise—Fruits of Crime Found.**

Upon a trial for murder where defendant objected to the introduction in evidence of his confession, and upon appeal this matter was not presented properly by any bill of exceptions, it could not be considered; however, by an inspection of the statement of facts it appeared that the fruits of the crime were discovered, and this rendered the confession admissible, even if undue means were used to induce the confession.

**3.—Same—Charge of Court—Felonious Homicide.**

Where upon trial for murder there was nothing in the case to reduce it below murder in the first degree, it was not necessary for the court to state in his charge the excusable or mitigating circumstances which reduced the offense to lower degrees of felonious homicide.

**4.—Same—Malice Aforethought—Definition of Malice.**

Where upon trial for murder the court's charge on murder in the first degree applied the law to the facts, and there was a sufficient definition of malice aforethought to cure the defect in the general charge upon the subject under the facts of the case, which was a homicide in the perpetration of robbery, the same was sufficient.

Appeal from the District Court of McLennan.  Tried below before the Hon. Sam R. Scott.

Appeal from a conviction of murder in the first degree; penalty, death.

The opinion states the case.

No brief for appellant on file.

*J. E. Yantis,* Assistant Attorney-General, for the State.—On question of malice aforethought: Hedrick v. State, 40 Texas Crim. Rep., 532; Rupe v. State, 2 Texas Ct. Rep., 251. On argument of counsel on defendant's failure to testify: Wilkerson v. State, 57 S. W. Rep., 956.

HENDERSON, JUDGE.—Appellant was convicted of murder in the first degree, and his punishment fixed at death; hence this appeal. The facts show that appellant at the time of the alleged homicide was in the employ of the deceased, who kept a butcher-shop; that his duties were to wait about the market and drive the delivery wagon, and thus he became well acquainted with the habits of deceased. He lived or stayed with a woman about a block and a half from deceased's place of

business. On the night in question appellant absented himself from the place where he lived from about 8 to 9:30 o'clock. During this time the circumstances show that deceased was killed by being knocked in the head with an ax, and his money, between $200 and $300 was taken from his person. The crime was not discovered until the next morning, somewhere between 4 and 5 o'clock, when certain parties went to deceased's place of business and found his dead body. Shortly afterwards appellant was arrested, and after being warned made a confession implicating two others with himself in the homicide, and that it was done for the purpose of robbery. By means of his confession the money taken from deceased was discovered. There was other testimony in the case tending to corroborate the confession of the appellant. This is a sufficient statement of the case.

Outside of the motion for new trial there is one bill of exceptions which is to the argument of the county attorney. The language in the argument is as follows: "What is the testimony on the part of the defense to meet this? (Referring to the circumstances surrounding the homicide.) Why, gentlemen, they are as silent as the grave, which trust he will soon fill (pointing at the defendant)." It is insisted that this was an allusion to appellant's failure to testify. It does not occur to us that the contention of appellant is correct. The expression here used was of a very general character, and it would be a strained conclusion to hold that it was a reference to appellant's failure to testify.

Appellant in his motion for new trial states that the court erred in admitting the confession of defendant to witnesses Trice, Tilley and Walton; that the same was extorted from defendant by unfair means, and by putting him in fear of mob violence and by promises of favor, etc., and by putting him under the influence of whisky. It is a sufficient answer to this proposition to state that this matter is not presented by any bill of exceptions as is required under our system of procedure. However, it would appear from an inspection of the statement of facts that, even if it be conceded that undue means were used to induce appellant to confess to the crime, by reason thereof the fruits of the same, to wit: the money of which deceased was robbed, was found, and under our statute this would make the statement or confession of appellant admissible. Art. 790, Code Crim. Proc., and sec. 1034 of White's Ann. Code Crim. Proc., and authorities there cited. Owens v. State, 16 Texas Crim. App., 44; Spearman v. State, 34 Texas Crim. Rep., 279; Parker v. State, 40 Texas Crim. Rep., 119; Bargna v. State, 5 Texas Ct. Rep., 367.

Appellant contends that the court erred in his definition of murder, to wit: "Murder is distinguishable from every other species of homicide by the absence of circumstances which reduce the offense to negligent homicide or manslaughter, or which excuse or justify the homicide." We fail to find any error in this definition. Nor was it necessary for the court to state the excusable or mitigating circumstances. There is nothing in this case to reduce it below murder in

the first degree, and the extenuating or mitigating circumstances referred to only relate to lower degrees of felonious homicide.

This portion of the court's charge is also objected to: "Every person with sound memory and discretion who shall unlawfully kill any reasonable creature in being in this State, with malice aforethought, either expressed or implied, shall be deemed guilty of murder. All murder committed in the perpetration of robbery is murder in the first degree. All murder not of the first degree is murder of the second degree." This charge is objected to because in the remainder of the charge murder in the first degree is nowhere completely defined, nor is malice or malice aforethought anywhere defined. In connection with the charge there is no stated definition of malice or malice aforethought. While ordinarily the court should define these terms, and in a case of this gravity the judge cannot be too careful; yet we believe in the court's charge, applying the law to the facts, there was a sufficient definition of malice aforethought which cured this defect. The charge in question required, the homicide to have been committed "unlawfully and with a mind which shows a heart regardless of social duty and fatally bent on mischief, the existence of which may be inferred from acts committed or words spoken and in the perpetration of robbery, and with malice aforethought," etc. This embraces one of the definitions of malice aforethought, and under the facts and circumstances of this case, we believe was sufficient. Martinez v. State, 30 Texas Crim. App., 129; Hedrick v. State, 40 Texas Crim. Rep., 532; Rupe v. State, 42 Texas Crim. Rep., 477.

There being no error in the record requiring a reversal, and the facts showing a homicide committed in the perpetration of robbery, evidently conceived some time before its execution, the judgment is affirmed.

*Affirmed.*