### HENRY KIRKPATRICK v. THE STATE.

#### No. 4012.    Decided June 19, 1909.

#### Rehearing denied October 13, 1909.

**1.—Murder—Continuance—Depositions.**

Under article 798, Code Criminal Procedure, depositions of witnesses may be taken when the witness is aged or infirm; and where, upon trial for murder, it appeared that the absent witnesses, for whom a continuance was sought, were very old and feeble, and lived near defendant, who knew their condition, and failed to get their depositions, there was no error in overruling the second application for continuance; besides, their testimony was simply cumulative.

**2.—Same—Evidence—Declarations by Defendant.**

Where, upon appeal from a conviction of murder, appellant's bill of exceptions left it in doubt whether the testimony admitted was simply a statement of the defendant in the examining trial, or whether it was the sworn testimony of the defendant upon said trial, it was immaterial whether appellant had been first warned, as it would be presumed that said statement was the sworn testimony of the defendant at said trial, and which required no previous warning.

**3.—Same—Sufficiency of the Evidence—Murder in the Second Degree.**

Where the conviction for murder in the second degree was amply sustained by the evidence, and it appeared that the court correctly submitted in his charge the issues in the case, the verdict will not be disturbed.

Appeal from the District Court of Wood. Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of murder in the second degree; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*M. D. Carlock,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at ten years confinement in the penitentiary.

Appellant presented a second application for continuance, which was overruled by the court. Appended to the bill presenting the matter is the following qualification of the court: "The witnesses

Kay and Stotts appeared and testified on the trial; the witnesses Mrs. Thorn is the mother of defendant and Mrs. Stapler is his aunt; both are very old and feeble and defendant lived with them up to a few months ago and now lives right near and knows their condition. That these witnesses were absent at the former term when a continuance was granted defendant for them. He to be diligent should have taken their deposition." We think this qualification of the court disposes of any merit in appellant's bill of exceptions. Article 798 of the Code of Criminal Procedure provides, "Depositions of witnesses may also, at the request of the defendant, be taken in the following cases: 1. When the witness resides out of the State. 2. When the witness is aged or infirm." See Evans v. State, 12 Texas Crim. App., 370. Appellant in his application states the fact that the reason he did not summon said witnesses was because he relied implicitly upon their being present, yet he further swears they were both old and infirm. In the light of this record in addition to the above we do not think the testimony of said witnesses would justify a continuance outside of this fact, since the record does not show their testimony was of any material character or would throw any light upon the transaction. That said witnesses knew of the previous bickerings and ill feelings is a fact testified to by other witnesses, and no one saw the immediate difficulty except appellant and deceased, and being the second application, this itself would render harmless the ruling of the court.

The only other bill of exception in the record complains of the action of the court in permitting the State, over appellant's objection to prove up the contents of the testimony given by the defendant in the examining trial, the ground of objection being that defendant was not warned, and because defendant was under arrest at the time of said trial, and because no warning of any character was proved to have been given the defendant before he made said statement. The bill shows that the original testimony of the defendant in the examining trial had been lost and the State placed the witness Britton on the stand, who was county attorney at the time of the examining trial, and by him proposed to prove up the contents of the lost paper. The bill shows that the objection was not made to the reproduction of the testimony, but that the testimony was inadmissible because defendant was not warned and under arrest. So it will be seen that the bill of exception leaves it in doubt whether this was simply a statement of the defendant in the examining trial or whether it was sworn testimony of defendant on said trial. The law of this State is that if the defendant took the stand on the examining trial as a witness and was sworn, then his testimony could be reproduced against him in any subsequent trial, and it would be immaterial whether he was warned or under

arrest or not. If, however, appellant made a statement as required by the statute in the examining trial, then the State, before introducing said testimony, would have to show a· warning. We have uniformly held that bills of exception must be certain and must· show clearly the exact question complained of. This bill does not do so. In the case of Dill v. State, 35 Texas Crim. Rep., 240,·the rule as suggested above was clearly laid down. Being unable to ascertain from the bill whether it was testimony taken of the defendant in the examining trial, or whether it was a statement, after due warning, made by defendant, we would presume that the court ruled correctly, and that it was the sworn testimony of the defendant that was offered·in evidence. Furthermore, we think the record shows, not quite conclusively, however, that it was the testimony·of the defendant that was introduced. In the condition of the bill of exceptions there is nothing requiring a reversal of the case.

The charge of the court was correct and there is no serious objection made to it. To whatever extent appellant's special charges were applicable they were covered in the main charge. The facts show that appellant was a stout vigorous young man, and deceased was a feeble old man weighing between ninety-five and one hundred pounds. Appellant stabbed him to death. From no standpoint is there any real valid excuse or justification offered for this killing. It is true appellant claimed self-defense, but the facts are so conclusive against this suggestion, showing clearly that deceased, an old man, was unable to do any harm to appellant. He had no gun or pistol, and appellant with a knife as suggested stabbed him to death. The occasion of the difficulty was that deceased had failed to feed some hogs belonging to an aunt of appellant. He demanded the keys of deceased in order that he, appellant, might feed them. Being refused the keys, he became angered, and out of this trivial reason the difficulty occurred in which appellant stabbed deceased to death. This clearly makes out a case of murder in the second degree, and the evidence amply supports the verdict.

The judgment is in all things affirmed.

*Affirmed.*

[Rehearing denied October 13, 1909.]