### Willis Windham v. The State.

No. 1591.   Decided October 23, 1912.

**1.—Theft—Evidence—Fruits of Crime—Confession.**

Where, upon trial of theft, the officer who arrested defendant testified that the defendant admitted he had stolen the alleged money and told him that he had given it to a third party who surrendered it to the sheriff, such testimony was admissible under article 810, Penal Code, with reference to confessions. Following Martin v. State, 57 Texas Crim. Rep., 595, and other cases.

**2.—Same—Demurrer to the Evidence.**

Where, upon trial of theft, the evidence was sufficient to sustain the conviction, there was no error in overruling a demurrer to the evidence.

**3.—Same—Juvenile Law—Jury.**

Under the juvenile law the court is authorized to empanel a jury to pass upon the guilt or innocence of defendant; the court fixing the punishment.

**4.—Same—Requested Charge—Practice.**

Where the court, on motion of defendant, transferred his case to the juvenile docket and tried him under the provisions of that law, there was no error in refusing a requested charge that the jury fix the punishment.

**5.—Same—Age of Defendant—Charge of Court—Discretion of Minor.**

Article 34, Penal Code, requires that the defendant must understand the nature and illegality of his act, when a person is under the age of thirteen, and the burden is upon the State to show that defendant has such discretion, and where the evidence showed that he did have such discretion, a refusal of a special charge with reference to the age and discretion of defendant was not reversible error under article 743, Code Criminal Procedure. Davidson, Presiding Judge, dissenting.

**6.—Same—Bills of Exception.**

Where the record on appeal did not show that any motions or pleas were filed with reference to the term of court and the swearing of the offi-

cer who summoned the jury, and that bills of exceptions were reserved, the same could not be considered on appeal.

Appeal from the County Court of Nacogdoches. Tried below before the Hon. F. P. Marshall.

Appeal from a conviction of theft from the juvenile docket; penalty, two years confinement in the Industrial Training School for Juveniles.

The opinion states the case.

*A. T. Russell* and *A. Harris* for appellant.—On question of confession: Warren v. State, 29 Texas, 370; Owens v. State, 16 Texas Crim. App., 448; Henzen v. State, 62 Texas Crim. Rep., 336, 137 S. W. Rep., 1141; Binkley v. State, 51 Texas Crim. Rep., 54, 100 S. W. Rep., 780; Barth v. State, 46 S. W. Rep., 228; Baker v. State, 8 S. W. Rep., 23; McDanial v. State, 81 S. W. Rep., 301.

On question of discretion of defendant: Wusnig v. State, 33 Texas 652; Parker v. State, 20 Texas Crim. App., 451; Carr v. State, 24 id., 562; Linhart v. State, 33 Texas Crim. Rep., 504; Keith v. State, 33 id., 341; Pyron v. State, 62 Texas Crim. Rep., 639, 138 S. W. Rep., 705.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted under an information charging him with theft. It being made to appear to the court that appellant was under sixteen years of age, on motion filed in behalf of appellant the cause was transferred to the "juvenile docket," and tried under the provisions of that law. Appellant was adjudged guilty by the jury, and the court assessed his punishment at two years imprisonment in the Industrial Training School for Juveniles at Gatesville.

The first bill of exceptions complains of the action of the court in permitting the sheriff to testify that defendant confessed to him that he stole the money he is charged with stealing, the sheriff having the defendant in custody at the time, and in jail. The bill is rather indefinite; does not set forth any of the testimony of the sheriff, but if we consider it, when we read the testimony of the sheriff, it renders the testimony admissible. He says: "While Willis Windham was under arrest, in my custody, and in jail, he made a statement to me about taking this money from Mr. Baker. From the statement he made I recovered a part of the money. He told me that he let Perry Garrett have five dollars and seventy cents," and then the sheriff says Garrett surrendered to him five dollars of the money. It is true that article 810 of the Penal Code provides that a confession shall not be admitted unless in writing and other conditions complied with, but this article also states, "unless in connection with said confession he makes statements of facts or circumstances that

are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property." In this case the sheriff testifies the defendant admitted he had stolen the money, and told him he had given Garrett a portion of it. Garrett admits that defendant had given him the money and surrenders it to the sheriff. This rendered the testimony admissible. Collins v. State, 20 Texas Crim. App., 399; Jones v. State, 50 Texas Crim. Rep., 329; Nunn v. State, 60 Texas Crim. Rep., 86, 131 S. W. Rep., 320; Martin v. State, 57 Texas Crim. Rep., 595, 124 S. W. Rep., 681, and cases cited in section 222, Branch's Crim. Law.

The court did not err in overruling the demurrer to the evidence. It is sufficient to sustain a verdict of guilty.

The juvenile law authorizes the court to have a jury summoned, and there was no error in the court so doing. And this law specially provides that the jury shall pass on the guilt or innocence of the defendant and the court fix the punishment, therefore there was no error in the court so doing. (Chap. 55, Acts of 31st Leg., p. 101.)

The defendant requested a special charge that if the jury found the defendant guilty they would assess his punishment at confinement in the county jail for any length of time not exceeding two years, and by fine not exceeding five hundred dollars, or imprisonment without fine. A motion having been filed in behalf of defendant, heard and sustained by the court, praying that this case be transferred to the juvenile record of the Juvenile Court, the punishment as prescribed in that Act applied, and the court did not err in refusing the charge.

Appellant requested two special charges presenting the theory that as the undisputed proof showed defendant to be only between ten and eleven years of age, under article 34 of the Penal Code, unless the jury found that defendant understood the nature and illegality of the act he should be acquitted. There is no question, under the law, when a person is under the age of thirteen years, the burden is upon the State to show that he has discretion sufficient to understand the nature and illegality of the act constituting the offense. But this proof can be made by circumstances as well as by direct testimony. (Allen v. State, 37 S. W. Rep., 757, and cases there cited.) The court was in error in not submitting the issue to the jury, but whether or not the error was such as should result in a reversal of the case is one to be decided under the evidence. The only evidence introduced raising this issue by defendant was proof of age of the boy. This placed the burden on the State to prove his discretion, and the State met this proof with the evidence of the father, who testified that "defendant has discretion of ordinary boys. He knows right from wrong. He knows it is wrong to steal. I have taught him that it was." The other facts and circumstances in evidence, together with this testimony clearly prove that defendant had sufficient discretion to understand the nature and illegality of the act, and the jury could not have found otherwise had the issue been submitted to them.

The record being in this condition, under article 743 of the Code of Criminal Procedure, we are prohibited from reversing the case on account of such error, and even before the adoption of that article, under the many decisions of this court the rule was announced that where an honest jury could not arrive at any other conclusion under the evidence, if the issue had been submitted, the failure to submit such an issue would not present reversible error. Had, in addition to proving his age, the defendant offered any evidence of lack of discretion, it perhaps would present reversible error. But in this case his father's testimony would show a knowledge that theft was wrong and punishable.

The grounds in the motion that the defendant was not tried at a regular term of the court; that the officer who summoned the jury was not sworn, etc., are not supported by any evidence in the record, and if any motions or pleas were filed in regard to such matters, no bills of exception were reserved to the action of the court in overruling such pleas or motions, therefore we can not consider such grounds, as we have no evidence that such grounds are in fact correct.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, PRESIDING JUDGE.—I am of opinion this case ought to be reversed for failure of the court to charge in reference to the age and discretion of the appellant, he being under thirteen years of age. The trial court is not justified in taking from the jury the facts on this important issue and deciding the question without referring it to the jury. Issues of fact are for the jury to decide and not the court, the jury being exclusive judges of the facts proved, crediblity of witnesses, and weight to be given the evidence.