### X. A. PIERCE v. THE STATE.

No. 314.   Decided June 8, 1921.

Rehearing denied November 23, 1921.

1.—Theft—Statement of Facts—Fundamental Error—Rule Stated.

It is a general rule that in the absence of the statement of facts, where no fundamental error appears, every presumption will be in favor of the regularity of the procedure, the accuracy of the court's charge, and the sufficiency of the evidence. Following Davis v. State, 2 Texas Crim. App., 162, and other cases.

2.—Same—Evidence—Confession—Sufficiency of the Evidence.

Where, independent of appellant's written confession, the facts disclosed that the property in question was found in the possession of the defendant, recently thereafter, and pointed to the guilty knowledge of defendant, and under his verbal confession, stating where the property could be found, the same was found by the officers at the place indicated, the conviction was sustained, regardless of the written confession in evidence, and regardless of the fact that the officer told him that it would be better to disclose the fact, following Jones v. State, 50 Texas Crim. Rep., 330.

3.—Same—Voluntary Confessions—Rule Stated—Practice in Trial Court.

To render a confession inadmissible upon the ground that it was induced by the promise of some benefit to the defendant, such promise must be positive, and must be made or sanctioned by a person in authority, and it must also be of such character as would be likely to influence the defendant to speak untruthfully. However, in cases of doubt, the better practice seems to be to permit the jury, under proper instructions to determine whether the confession was voluntary. Following Berry v. State, 58 Texas Crim. Rep., 291, and other cases.

**4.—Same—Written Confession—Examining Court—Evidence—Affidavit.**

Where in the instant case the statement in an examining court while the accused was under arrest contained all of the requisites of a confession named in Article 810, C. C. P., it is not rendered inadmissible by the fact that it is sworn to. Following Salas v. State, 31 Texas Crim. Rep., 486, and other cases.

**5.—Same—Evidence—Confessions—Harmless Error.**

If it be assumed that there was error in admitting in evidence the written statement of defendant, it would not justify a reversal for the reason that all of its criminating elements were in evidence through his verbal confession previously made and properly admitted. Following Laurence v. State, 31 Texas Crim. Rep., 601, and other cases.

**6.—Same—Exculpatory Statements—Charge of Court.**

Where the written statement of defendant introduced in evidence contained exculpatory matter which the State sought to disprove, and the court gave a proper charge under the facts of the case, and submitted defendant's theory of purchase of the property, etc., it fully protected the rights of defendant and there was no reversible error.

Appeal from the District Court of Cherokee. Tried below before the Honorable L. D. Guinn.

Appeal from a conviction of theft over the value of $50. Penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Perkins & Perkins,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Appellant was convicted of theft; punishment assessed at confinement in the penitentiary for a period of four years.

The record is before us without a statement of facts. Certain exceptions to the charge and the admission of evidence appear. It is a general rule that in the absence of a statement of facts, where no fundamental error appear, every presumption will be in favor of the regularity of the procedure, the accuracy of the court's charge and the sufficiency of the evidence. Davis v. State, 2 Texas Crim. App. 162; and other cases listed in Branch's Ann. Penal Code, Sec. 602. Exceptions to this rule at times arise but nothing in this record brings the instant case within any of them. Mitchell v. State, 2 Texas Crim. App., 404, referred to by Mr. Branch in the section mentioned; Williams v. State, 77 S. W. Rep., 447; Walker v. State, 98 S. W. Rep., 265; Denton v. State, 42 Texas Crim. Rep., 427; Hare v. State, 56 Texas Crim. Rep. 6, Brown v. State, 57 Texas Crim. Rep. 269.

In the case before us, we are without the benefit of a brief for appellant, and there is but one bill of exceptions which challenges our attention. That relates to the introduction of the confession of the

appellant. Two questions arise, namely: Was there a warning given? and, Was the confession voluntary?

The statement is sworn to and given in an examining court in the presence of the Justice of the Peace and the County Attorney. It is not made clear from the bill whether it was in the nature of testimony on preliminary trial of a confession in the technical sense. If the former, the warning was unnecessary to render it admissible. Kirkpatrick v. State, 57 Texas Crim. Rep., 17, 121 S. W. Rep., 511; Dill v. State, 35 Texas Crim. Rep. 240; Rios v. State, 183 S. W. Rep. 152.

We think the bill of exceptions does not show error. If this were doubtful, however, we would not feel authorized to reverse the judgment because of the admission of the statement for the reason that it is disclosed by another bill of exceptions that there was introduced in evidence a verbal confession of the appellant, which we think was admissible under the phase of Article 810 which permits the use of verbal confessions where "they are accompanied statements made by the accused from which the confession is found to be true or which conduce to establish his guilt."

From the qualification of the bill complaining of the receipt of the verbal confession, it is made to appear that by means thereof the stolen property was discovered. This being true, the verbal confession was admissible. Smith v. State, 53 Texas Crim. Rep. 643; Vernon's Texas Crim. Statutes, vol. 2, page 756, note 12, and cases cited. The verbal confession, having been properly admitted, and in going to establish the same fact to the proof of which the written statement was directed, any supposed error in the admission of the latter would be rendered harmless. Fulcher v. State, 28 Texas Crim. App. 470; Brown v. State, 20 S. W. Rep., 924; Laurence v. State, 31 Texas Crim. Rep., 601, Amer. Digest, Century Edition, Vol. 15, page 933.

Especially is this true in the instant case where effect must be given to the presumption that there was before the jury legal evidence adequate to sustain the conviction.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### November 23, 1921

MORROW, Presiding Judge.—The facts are now before us. Independent of appellant's confession they disclose that the property in question, certain automobile casings and batteries, were thrown from a freight car at night-time and taken possession of by the appellant on the following morning. Circumstances showing the conduct of the appellant with reference to taking possession of the property point to guilty knowledge and intent.

The sheriff testified that upon information received, he went to Jacksonville in search of the appellant. He found him after he had been arrested by another officer. Appellant told him where to find the stolen property, and upon information thus obtained, the sheriff found it, consisting of eight automobile casings, four batteries, two cushions and a sack of tools, in the house of the appellant. Before the appellant informed him, he had no knowledge of its whereabouts.

Appellant was not warned that his declaration might be used against him. Before he gave the information, the sheriff told him that it would be better for him to tell where the property was. The admissibility of this testimony is challenged, but we regard the complaint as unsound. The requisites of a confession prescribed by Article 810 of the Code of Crim. Procedure are not applicable where "in connection with the confession the accused makes statement of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed." The appellant's declaration, though while under arrest, having led to the finding of the stolen property, was admissible (Parker v. State, 40 Texas Crim. Rep., 122; Branch's Crim. Law, Sec. 222) and under these circumstances, the confession was not rendered inadmissible by the sheriff's statement that it would be better to disclose the facts. Jones v. State, 50 Texas Crim. Rep., 330; Collins v. State, 20 Texas Crim. Rep. 419; Brown v. State, 26 Texas App. 313.

As a predicate for the introduction of a written confession, the county attorney testified, as shown by the bill of exceptions, that he conversed with the appellant at the jail and there told him he thought it would be best for him to make the statement; that later the appellant was brought to the office of the Justice of the Peace; that the county attorney then made the preliminary statement required by the statute, giving warning, etc. The appellant asked some questions to which the county attorney replied that he had nothing further to say; that appellant must be governed by his own judgment; that the Justice of the Peace said he thought it would be best to go ahead and make the statement. Upon this predicate, the appellant advances the proposition that the confession should have been excluded because it was not voluntary. The principle which controls is stated by Mr. Branch, in his Texas Annotated Penal Code, page 41, thus:

"To render a confession inadmissible upon the ground that it was induced by the promise of some benefit to defendant, such promise must be positive, and must be made or sanctioned by a person in authority and it must also be of such character as would be likely to influence the defendant to speak untruthfully."

In the application of this principle, there is an apparent absence of harmony in the reported cases. At least, there can be gathered from these decisions no exact formula as to what will and what will not exclude the statement. See Searcy v. State, 28 Texas Crim. App., 513; Rose's Notes on Texas Rep. Vol. 5 (N. S.) p. 785; 19 Amer. State

90 T. C.—20

Rep., 851. See also 18 L. R. A. (N. S.) p. 821 and note; Carr v. State, 24 Texas Crim. App. 562. In cases of doubt, the better practice seems to be to permit the jury, under proper instructions, to determine whether the confession was voluntary. Berry v. State, 58 Texas Crim. Rep. 291; Follis v. State, 51 Texas Crim. Rep., 189; Jackson v. State, 50 Texas Crim. Rep., 302; Gallaher v. State, 40 Texas Crim. Rep., 307; Paris v. State, 35 Texas Crim. Rep. 93; Sparks v. State, 34 Texas Crim. Rep., 88; Underhill's Crim. Evidence, Sec. 126, p. 245, note 16. In the instant case, we regard the evidence such as not to show that the court committed reversible error in holding the confession voluntary in the absence of a request to submit the matter to the jury.

The written confession introduced appears to have been made, signed and sworn to before A. M. Dukes, a Justice of the Peace, who certifies it to have been a voluntary statement made in the examining court before the examination of any witnesses and after appellant had been fully informed that he could not be compelled to make any statement, and that if made, could be used in evidence against him. Article 295, providing for a voluntary statement in an examining court, declares that it shall be reduced to writing but shall not be sworn to. Appellant contends that the fact that his statement was sworn to precludes its admissibility. We think this view is not sound. Where, as in this case, the statement in an examining court while the accused was under arrest contains all of the requisites of a confession named in Article 810 of the Code of Crim. Procedure, it is not rendered inadmissible by the fact that it is sworn to. Such was the holding of this court in the opinion written by Judge Hurt in Salas v. State, 31 Texas Crim. Rep. 486, and as we understand them, the cases of Walker v. State (28 Texas Crim. App. 113) and Jackson v. State (29 Texas Crim. App., 463) are not in conflict with but harmonize with this view. Nor do we regard the case of Baird v. State, 54 Texas Crim. Rep., 440, as opposed to this rule. It is there asserted in effect that a voluntary statement made under Article 294 and 295 need not be sworn to; that since the oath is not necessary, it cannot be made the basis of a prosecution for perjury. See also Pressley v. State, 64 Texas Crim. Rep. 133; Williams v. State, 37 Texas Crim. Rep., 147; Pierce v. State, 54 Texas Crim. Rep., 424; Kirkpatrick v. State, 57 Texas Crim. Rep., 17. If it be assumed that there was error in admitting in evidence the written statement of the appellant, it would not justify a reversal for the reason that all of its criminating elements were in evidence through his verbal confession previously made and properly admitted. Villegas v. State, 41 S. W. Rep. 610; Brown v. State, 20 S. W. Rep., 924; Laurence v. State, 31 Texas Crim. Rep. 601.

No testimony was introduced by appellant explaining his possession or connection with the stolen property, but his defensive theories arise solely from the written statement introduced by the state. In substance, this was that he was in a freight car by permission of a brakeman from whom he bought the stolen property. The state introduced evidence

controverting the truth of this explanation. The state, having intro-
duced the written statement, was bound by its exculpatory statements
only so far as they were not disapproved. It would not, therefore,
have been proper to instruct the jury, as requested by appellant, that
the introduction of the document containing the exculpatory statements
required an acquittal. The main charge of the court fully protected the
interest of the appellant in instructing the jury that there could be no
conviction for a felony unless from the evidence they believe, beyond a
reasonable doubt, that the value of the property exceeded fifty dollars.
It also submitted to the jury appellant's defensive theory as to the
purchase of the property.

We are convinced from our re-examination of the record in connec-
tion with the statement of facts that the judgment should be affirmed.
We, therefore, overrule the motion for rehearing.

*Overruled.*