On Motion for Rehearing.
[5] The facts are now before us. Independent of appellant’s confession they disclose that the property in question, certain automobile casings and batteries, were thrown from a freight car at nighttime and taken possession of by the appellant on the following morning. Circumstances showing *539 the conduct of the appellant with reference to taking possession of the property point to guilty knowledge and intent.
The sheriff testified that upon information received, he went to Jacksonville in search of the appellant. He found him after he had been arrested by another officer. Appellant told him where to find the stolen property, and, upon information thus obtained, the sheriff found it, consisting of eight automobile casings, four batteries, two cushions, and a sack of tools, in the house of the appellant. Before the appellant informed him, he had no knowledge of its whereabouts.
Appellant was not warned that his declaration might be used against him. Before he gave the information, the .sheriff told him that it would be better for him to tel] where the property was.* The admissibility of this testimony is challenged, but we regard the complaint as unsound. The requisites of a confession prescribed by article 810 of the Code of Criminal Procedure are not applicable where, “in connection with said confession, [the accused] makes statement of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed.” The appellant’s declaration, though while under arrest, having led to the finding of the stolen property, was admissible (Parker v. State, 40 Tex. Cr. R. 122, 49 S. W. 80; Branch’s Crim. Law, § 222), and, under these circumstances, the confession was not rendered inadmissible by the sheriff’s statement that it would be better to discose the facts (Jones v. State, 50 Tex. Cr. R. 330, 96 S. W. 930; Collins v. State, 20 Tex. App. 419; Brown v. State, 26 Tex. App. 313, 9 S. W. 613).
As a predicate for the introduction of a written confession, the county attorney testified, as shown by the bill of exceptions, that he conversed with the appellant at the jail, and there told him he thought it would be best for him to make the statement; that later the appellant was brought to the office of the justice of the peace; that the county attorney then made the preliminary statement required by the statute, giving warning, etc. The appellant asked some questions, to which the county attorney replied that he had nothing further to say; that appellant must be governed by his own judgment; that the justice of the peace said he thought it would be best to go ahead and make the statement. Upon this predicate, the appellant advances the proposition that the confession should have been excluded because it was not voluntary. The principle which controls is stated by Mi*. Branch, in his Texas Annotated Penal Code, page 41, thus:
“To render a confession inadmissible upon the ground that it was induced by the promise of some benefit to defendant, such promise must be positive, and must be made or sanctioned by a person in authority, and it must also be of such character as would be likely to influence the defendant'to speak untruthfully.”
In the application of this principle, there is an apparent absence of harmony in the reported cases. At least, there can be gathered from these decisions no exact formula as to what will and what will not exclude the statement. See Searcy v. State, 28 Tex. App. 513, 13 S. W. 782, 19 Am. St. Rep. 851; Rose’s Notes on Texas Rep. (N. S.) p. 785; See, also, 18 L. R. A. (N. S.) p. 821, note; Carr v. State, 24 Tex. App. 562, 7 S. W. 328, 5 Am. St. Rep. 905. In cases of doubt, the better practice seems to be to permit the jury, under proper instructions, to determine whether the confession was voluntary. Berry v. State, 58 Tex. Cr. R. 291, 125 S. W. 580; Follis v. State, 51 Tex. Cr. R. 189, 101 S. W. 242; Jackson v. State, 50 Tex. Cr. R. 302, 97 S. W. 312; Gallaher v. State, 40 Tex. Cr. R. 307, 50 S. W. 388; Paris v. State, 35 Tex. Cr. R. 93, 31 S. W. 855; Sparks v. State, 34 Tex. Cr. R 88, 29 S. W. 264; -Underhill's Crim. Evidence, § 126, p. 245, note 16. In the instant case, we regard the evidence such as not to show that the court committed reversible error in holding the confession voluntary in the absence of a request to submit the matter to the jury.
[6] The written confession introduced appears to have been made, signed, and sworn to before A. M. Dukes, a justice of the peace, who certifies it to have been a voluntary statement made in the examining court before the examination of any witnesses, and after appellant had been fully informed that he could not be compelled to make any statement, and that, if'made, could be used in evidence against him. Article 295, providing for a .voluntary statement in an examining court, declares that it shall be reduced to writing, but shall not be sworn to. Appellant contends that the fact that his statement was sworn to precludes its admissibility. We think this view is not sound. Where, as in this case, the statement in an examining court while the accused was under arrest contains all of the requisites of a confession named in article 810 of the Code of Criminal Procedure, it is not rendered inadmissible by the fact that it is sworn to. Such was the holding of this court in the opinion written by Judge Hurt in Salas v. State, 31 Tex. Cr. R 486, 21 S. W. 44, and, as we understand them, the cases of Walker v. State, 28 Tex. App. 113, 12 S. W. 503, and Jackson v. State, 29 Tex. App. 463, 16 S. W. 247, are not in conflict with, but harmonize with, this view. Nor do we regard the case of Baird v. State, 54 Tex. Cr. R. 440, as opposed to this rule. It is there asserted in effect that a voluntary statement made under articles 294 and 295 need not be sworn to; that, since the oath is not necessary, it cannot be *540 made the basis of a prosecution for perjury. See, also, Pressley v. State, 64 Tex. Cr. R. 133, 141 S. W. 215; Williams v. State, 37 Tex. Cr. R. 147, 38 S. W. 999; Pierce v. State, 54 Tex. Cr. R. 424, 113 S. W. 148; Kirkpatrick v. State, 57 Tex. Cr. R. 17, 121 S. W. 511. If it be assumed that there was error in admitting in evidence the written statement of the appellant, it would not justify a reversal, for the reason that all of its criminating 'elements were in evidence through his verbal confession previously made and properly admitted. Villegas v. State, 41 S. W. 610; Brown v. State, 20 S. W. 924; Laurence v. State, 31 Tex. Cr. R. 601, 21 S. W. 766.
[7] No testimony was introduced by appellant explaining his possession or connection with the stolen property, but his defensive theories arise solely from the written statement introduced by the state. In substance this was that he was in a freight car by permission of a brakeman from whom he bought the stolen property. The state introduced evidence controverting the truth of this explanation. The .state, having introduced the written statement, was bound by its exculpatory statements only so far as they were not disapproved. It would not, therefore, have been proper to instruct the jury, as requested by appellant, that the introduction of the document containing the exculpatory statements required an acquittal. The main charge of the court fully protected the interest of the appellant in instructing the jury that there could be no conviction for a felony unless from the evidence they believe, beyond a reasonable doubt, that the value of the property exceeded $50. It also submitted to the jury appellant’s defensive theory as to the purchase of the property.
We are convinced from our re-examination of the record, in connection with the statement of facts, that the judgment "should be affirmed. We therefore overrule the motion for rehearing.