## TOM BROOKS v. THE STATE.

### No. 6433.   Decided November 2, 1921.

**1.—Burglary—Practice in Trial Court—Attorney and Client.**

Where appellant complained that he was not granted sufficient time to prepare for trial, but the record showed the reverse, there was no reversible error.

**2.—Same—Evidence—Examining Trial Statement.**

Where the bill of exceptions did not reveal the contents of the statement of defendant made at the examining trial, but recited that it was not admissible because it was a voluntary statement, and was sworn to, and showed that the defendant was guilty of another offense, no reversible error was disclosed.   Following Reynolds v. State, 82 Texas Crim. Rep., 445, and other cases.

Appeal from the District Court of Brazos.   Tried below before the Honorable W. C. Davis.

Appeal from a conviction of burglary; two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* for appellant.—Cited: Salas v. State, 31 Texas Crim. Rep. 485.

MORROW, PRESIDING JUDGE.—The conviction is for burglary; punishment fixed at two years confinement in the penitentiary. The proof supports the judgment.

In Bill of Exceptions No. 1, complaint is made of the refusal of the court to grant a postponement for one day to enable the appellant to prepare for trial.   It is averred in the bill that appellant's counsel arrived a few moments before the trial and had had no opportunity to consult with appellant or to secure witnesses.   In approving the bill the court states that on February 26th, the trial was set for the 4th of March and on that date reset for the 8th of the same month; that at the time it was set, appellant's counsel was present and aware of the setting.   At the trial the appellant was represented by counsel.

From Bill No. 2 we understand that the appellant had, at an examining trial, made a statement which was reduced to writing; that in giving his testimony he admitted that he had made the statement and did not deny its truth; that the prosecution read the statement in evidence over appellant's objection.   The bill does not reveal the contents of the statement but recites that it was not admissible because "it was a voluntary statement and was sworn to, and showed that the defendant was guilty of another offense."   We discern no.

error from the bill. There are exceptions to the rule excluding evidence of other offenses, and so far as the bill discloses, one of them may have embraced the evidence in question. Article 294 of the Code of Crim. Procedure relates to statements of the accused before an examining court. It is contemplated that it may be used against him. Vernon's Texas Crim. Statutes, vol. 2, p. 144. Art. 295 is upon the same subject. Generally speaking, if the statement is in writing, signed by the accused, and made after a statutory warning, it may be used in evidence against him. Reynolds v. State, 82 Texas Crim. Rep. 445 and cases there cited; Pressley v. State, 64 Texas Crim. Rep. 147, 141 S. W. Rep. 217; Rios v. State, 183 S. W. Rep. 152; Salas v. State, 31 Texas Crim. Rep. 485. The bill fails to show that the evidence was not admissible. No other questions are presented.

The judgment is affirmed

*Affirmed.*